Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
Noam R. Weiss
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>GARRETT MOTION INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. _____ (__)<br><br>Joint Administration Pending |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES
OF CURRENT INCOME AND EXPENSES, SCHEDULES OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS OF
FINANCIAL AFFAIRS (II) EXTENDING TIME TO FILE RULE 2015.3 FINANCIAL
REPORTS, (III) WAIVING REQUIREMENTS TO FILE THE LIST OF EQUITY
HOLDERS AND SERVE NOTICE OF COMMENCEMENT ON ALL EQUITY
HOLDERS AND (IV) GRANTING RELATED RELIEF**

Garrett Motion Inc. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a)

---

[1] The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

and 521 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rules 1007, 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) extending the time to file schedules of assets and liabilities, schedules of current income and expenses, schedules of executory contracts and unexpired leases and statements of financial affairs (collectively, the "Schedules and Statements") by thirty (30) days, for a total of forty-four (44) days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3(d) (the "2015.3 Reports") to thirty (30) days after the initial date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), without prejudice to the Debtors' ability to request additional extensions, (c) waiving the requirements to (i) file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) serve the notice of commencement on all equity security holders, as set forth in Bankruptcy Rule 2002(d), and (d) granting certain related relief. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Sean Deason in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Deason First Day Declaration") and the *Declaration of Scott Tandberg in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Tandberg First Day Declaration" and together with the Deason First Day Declaration, the "First Day Declarations"). In further support of the Motion, the Debtors respectfully state as follows:

**Background**

1. Garrett Motion Inc. is a Delaware corporation established in 2018, with its headquarters located in Rolle, Switzerland. The Debtors design, manufacture and sell highly engineered turbocharger, electric-boosting and connected vehicle technologies.

2. On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>"). No creditors' committee has been appointed in these Chapter 11 Cases.

3. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in detail in the First Day Declarations.

**Jurisdiction**

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007, 2015.3 and 9006.

**Relief Requested**

5. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) extending the deadline by which the Debtors must file Schedules and Statements by thirty (30) days, for a total of forty-four (44) days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, (b) extending the

deadline by which the Debtors must file the 2015.3 Reports to thirty (30) days after the initial date set for the 341 Meeting, without prejudice to the Debtors' ability to request additional extensions, (c) waiving the requirements to (i) file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) serve the notice of commencement on all equity security holders, as set forth in Bankruptcy Rule 2002(d), and (d) granting certain related relief.

### Basis for Relief

**I.      Cause Exists to Extend the Time to File the Schedules and Statements.**

6.      The Court has authority to grant the relief requested herein pursuant to Bankruptcy Rules 1007(c) and 9006(b), which bestow upon the Court the authority to extend the time required for filing of the Schedules and Statements "for cause shown."  Fed. R. Bankr. P. 1007(c) and 9006(b).  The Debtors respectfully submit that sufficient cause exists for granting the requested extension of time.

7.      To prepare their Schedules and Statements, the Debtors, with the assistance of their advisors, have been working as expeditiously as possible to compile information from books, records and other documents pertaining to, among other things, accounts payable and receivable, real estate and capital leases, employee wages and benefits, intercompany transactions and vendor and supplier agreements which, in the aggregate, consist of thousands of claims, assets and contracts from the Debtor entities.  Collecting the required information requires a substantial amount of time, energy and resources from the Debtors' personnel and professional advisors.  Due to the competing demands on the Debtors and their advisors to stabilize business operations leading up to the filing of these Chapter 11 Cases and the initial post-petition period, the Debtors will likely not be able to complete the Schedules and Statements within the initial 14-day time period.  Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors'

accounting system, it will take some time before the Debtors have access to all the information required to prepare the Schedules and Statements.

8. Section 105 of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgement that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that focusing the attention of their key personnel and advisors on critical operational and chapter 11 compliance issues during the early days of these Chapter 11 Cases will facilitate a smooth transition into chapter 11 and ultimately maximize the value of their estates for the benefit of creditors and all parties-in-interest. In addition, the requested extension will not harm creditors or other parties-in-interest because the Debtors will still be required to file the Schedules and Statements in advance of any deadline for filing proofs of claim against each such Debtor, as applicable.[1] As such, there is ample "cause" to extend the deadline pursuant to Bankruptcy Rules 1007(c) and 9006(b), to provide the Debtors with an additional thirty (30) days, for an aggregate of forty-four (44) days from the Petition Date, to file the Schedules and Statements, and such extension would be appropriate under these circumstances.

9. The Debtors also request that they be permitted to seek any further extension by notice of presentment on five business days' notice to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, and the advisors to any official committee appointed in these Chapter 11 Cases, and that in such event (i) the

---

[1] The Debtors currently do not anticipate setting a deadline to file proofs of claim with respect to Debtors that constitute Acquired Subsidiaries under, and as defined in, the Stalking Horse Purchase Agreement (as defined in the Deason First Day Declaration). The Debtors intend to file their Schedules and Statements for Debtors that are not Acquired Subsidiaries prior to the date set for filing proofs of claim with respect to such Debtors.

deadline for the Debtors to file their Schedules then be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (ii) the Debtors be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

10. Courts in this district have regularly determined cause existed to extend the filing deadline in similar chapter 11 cases and granted relief similar to that requested herein. *See, e.g.*, *In re LSC Communications, Inc.*, 20-10950 (SHL) (Apr. 15, 2020), D.I. 37 (extending the time to file schedules and statements by 45 days for a total of 59 days); *In re Maxcom USA Telecom, Inc.*, 19-23489 (RDD) (Aug. 21. 2019), D.I. 25 (same); *In re Sears Holding Corp.*, 18-23538 (RDD) (Oct. 16, 2018), D.I. 103 (same); *In re Avaya Inc.*, 17-10089 (SMB) (Feb. 10, 2017), D.I. 143 (granting 47-day extension for a total of 61 days); *In re International Shipholding Corp.*, 16-12220 (SMB) (Aug. 10, 2016), D.I. 68 (granting 45-day extension). The Debtors submit that the present circumstances warrant similar relief in these Chapter 11 Cases.

**II.    Cause Exists to Extend the Time to File the 2015.3 Reports.**

11. Pursuant to Bankruptcy Rule 2015.3(b), a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. The Court has authority to grant an extension "for cause" pursuant to Bankruptcy Rule 9006(b). Pursuant to Bankruptcy Rule 2015.3(d), the Court has authority to modify the reporting requirements, after notice and a hearing, for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements."

12. Several of the Debtors hold interests in certain non-Debtor subsidiaries that fall under the requirements of Bankruptcy Rule 2015.3, and thus are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (a) the size, complexity and geographic scope of the Debtors' businesses and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases. The Debtors are not in a position to complete their initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

13. Extending the deadline to file their initial 2015.3 Reports will also enable the Debtors to work with their advisors and the U.S. Trustee to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3, obviating the need for subsequent amendments to the 2015.3 Reports. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to thirty (30) days after the initial date set for the 341 Meeting, without prejudice to the Debtors' ability to request additional extensions.

14. This Court has routinely granted the relief requested herein in complex chapter 11 cases such as these. *See, e.g.*, *In re Windstream Holdings, Inc.*, 19-22312 (RDD) (Feb. 28, 2019) D.I. 54 (granting debtors the later of 30 days after the 341 meeting and 44 days after the petition date to file their 2015.3 reports); *In re Ditech Holding Corp.*, 19-10412 (JLG) (Feb. 15, 2019) D.I. 64 (granting debtors additional 35 days after the 341 meeting to file their 2015.3 reports); *In re Waypoint Leasing Holdings Ltd.*, 18-13648 (SMB) (Dec. 12, 2018) D.I. 79 (granting debtors 30 days after the 341 meeting to file their 2015.3 reports); *In re Aegean Marine Petrol. Network Inc.*, 18-13374 (MEW) (Nov. 16, 2018) D.I. 82 (granting debtors 44 days after the petition date to file their 2015.3 reports); *In re Nine West Holdings, Inc.*, 18-10947 (SCC)

(Apr. 9, 2018) D.I. 71 (granting debtors the later of 30 days after the 341 meeting and 44 days after the petition date to file their 2015.3 reports); *In re Avaya Inc.*, 17-10089 (SMB) (Feb. 10, 2017) D.I. 143 (granting debtors the later of 30 days after the 341 meeting and 61 days after the petition date to file their 2015.3 reports).

### III. Cause Exists to Waive the Requirements to File a List of Equity Security Holders and to Serve Notice of Commencement on All Equity Security Holders Under the Circumstances of These Chapter 11 Cases.

15.  Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders.  Bankruptcy Rule 2002(d), in turn requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  The Court has the authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

16.  The Debtors submit that the requirements to file a list of, and to provide notice directly to, all equity security holders should be waived as to Debtor Garrett Motion Inc. ("GMI").  GMI is a public company, and as of July 27, 2020 had 75,635,938 shares of common stock outstanding.  The Debtors submit that preparing and filing the list of GMI's equity security holders with last known addresses is unnecessary at this time and would create an additional expense without a concomitant benefit to the Debtors' estates.  Furthermore, sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial

purpose. Equity security holders likely will know of these Chapter 11 Cases through the financial press as well as the Debtors' reporting with the United States Securities and Exchange Commission.[2]

17.  Moreover, GMI filed with its petition a list of significant holders of their outstanding common stock. As soon as is practicable, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of GMI's common stock. The notices also will be posted on the case website maintained by the Debtors' proposed claims and noticing agent. Accordingly, the Debtors respectfully request that the requirements to file a list of, and to serve notices on, all of GMI's equity security holders be waived.

18.  Courts in this district routinely grant substantially similar relief in cases involving publicly traded debtors. *See, e.g., In re LSC Communications, Inc.*, 20-10950 (SHL) (Apr. 15, 2020), D.I. 37 (waiving the requirement to file list of equity security holders and also waiving the requirement to serve the notice of commencement on all equity security holders); *In re The McClatchy Co.*, 20-10418 (MEW) (Feb. 14, 2020), D.I. 69 (same); *In re Synergy Pharm. Inc.*, 18-14010 (JLG) (Dec. 27, 2018), D.I. 125 (same); *In re Sears Holding Co.*, 18-23538 (RDD) (Oct. 16, 2018), D.I. 112 (same); *In re SunEdison, Inc.*, 16-10992 (SMB) (Apr. 25, 2016), D.I. 64 (same); *In re Republic Airways Holdings Inc.*, 16-10429 (SHL) (Feb. 29, 2016), D.I. 49 (same).

## Notice

19.  No creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to Citibank, N.A., as administrative agent under the

---

[2] Substantially contemporaneously with the filing of this petition, GMI filed a Current Report on Form 8-K with the Securities and Exchange Commission regarding the commencement of these Chapter 11 Cases. Such 8-K is publicly available.

DIP credit facility, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com) and Candace M. Arthur, Esq. (candace.arthur@weil.com); (c) counsel to JPMorgan Chase Bank, N.A., as administrative agent under the Debtors' prepetition credit facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen (khansen@stroock.com), Jonathan D. Canfield (jcanfield@stroock.com), Joanne Lau (jlau@stroock.com) and Alexander A. Fraser (afraser@stroock.com); (d) counsel to the ad hoc group of lenders under the Debtors' prepetition credit facility, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Steven A. Domanowski (sdomanowski@gibsondunn.com) and Matthew G. Bouslog (mbouslog@gibsondunn.com); (e) counsel to the ad hoc group of bondholders, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Matthew M. Roose (matthew.roose@ropesgray.com) and Mark I. Bane (mark.bane@ropesgray.com); (f) counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick (brian.resnick@davispolk.com) and Joshua Y. Sturm (joshua.sturm@davispolk.com); (g) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

20.     No prior motion for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:  September 20, 2020
New York, New York

/s/ Andrew G. Dietderich
Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
Noam R. Weiss
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:         dietdericha@sullcrom.com
                   gluecksteinb@sullcrom.com
                   bellerb@sullcrom.com
                   weissn@sullcrom.com

*Proposed Counsel to the Debtors*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――――― x
: 
In re                                                                : Chapter 11
:
:  Case No. _____ (__)
GARRETT MOTION INC., *et al.*,[1]                  :
:  Jointly Administered
                                            Debtors.    :
:
―――――――――――――――――――――――――――――― x

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENSES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) EXTENDING TIME TO FILE RULE 2015.3 FINANCIAL REPORTS, (III) WAIVING REQUIREMENTS TO FILE THE LIST OF EQUITY HOLDERS AND SERVE NOTICE OF COMMENCEMENT ON ALL EQUITY HOLDERS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Garrett Motion Inc. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the time for the Debtors to file their Schedules and Statements by thirty (30) days, for a total of forty-four (44) days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, (b) extending the time for the Debtors to file their 2015.3 Reports to thirty (30) days after the initial date set for the 341 Meeting, (c) waiving the requirements to (i) file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) serve the notice of commencement on all equity security holders, as set forth in Bankruptcy Rule 2002(d) and (d) granting certain related relief; and this Court having

---

[1] The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended for an additional thirty (30) days (for a total of forty-four (44) days after the Petition Date), without prejudice to the Debtors' rights to seek additional extensions.

3. The Debtors are hereby permitted to seek any further extension by notice of presentment on five business days' notice to the U.S. Trustee, counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, and the advisors to any official committee appointed in these Chapter 11 Cases, and that in such event (i) the deadline

for the Debtors to file their Schedules shall be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (ii) the Debtors shall be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

4. The time within which the Debtors must file the 2015.3 Reports is extended to thirty (30) days after the initial date set for the 341 Meeting, without prejudice to the Debtors' rights to seek additional extensions.

5. The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the list of equity security holders is waived.

6. The requirement under Bankruptcy Rule 2002(d) that the Debtors serve the notice of commencement of these Chapter 11 Cases on all equity security holders is waived for cause shown, and the Debtors are authorized to serve notices required under Bankruptcy Rule 2002(d) on registered holders of Garrett Motion Inc.'s equity securities.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____                    _____
       New York, New York                      United States Bankruptcy Judge

-4-