JONES DAY  
Anna Kordas, Esq.  
250 Vesey Street  
New York, New York  10281  
Telephone:  (212) 326-3939  
Facsimile:  (212) 755-7306  
E-mail:  akordas@jonesday.com

JONES DAY  
Bruce Bennett, Esq.  
Joshua M. Mester, Esq.  
555 S. Flower St., 50th Floor  
Los Angeles, CA  90071  
Telephone:  (213) 489-3939  
E-mail:  bbennett@jonesday.com  
E-mail:  jmester@jonesday.com

*Counsel for Certain Shareholders  
of Garrett Motion Inc.*[1]

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x  
**In re**                                        :    **Chapter 11**  
                                                 :  
**GARRETT MOTION INC.,** *et al.,*[2]            :    **Case No. 20-12212 (MEW)**  
                                                 :  
       **Debtors.**                              :    **(Joint Administration Pending)**  
                                                 :  
------------------------------------------------------- x

**LIMITED OBJECTION OF CERTAIN SHAREHOLDERS TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507 AND 552, (I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING AND (VI) GRANTING RELATED RELIEF**

TO THE HONORABLE MICHAEL E. WILES  
UNITED STATES BANKRUPTCY JUDGE:

Certain shareholders of Garret Motion Inc. object to interim approval of the Debtors' request to obtain postpetition financing.  The Shareholders do not object to the relief

---

[1]   The Shareholders are acting in their individual capacities but authorized the filing of this single submission for the purpose of administrative efficiency.  Each of the Shareholders is expressing its independent views, and counsel does not have the actual or apparent authority to obligate any one entity to act in concert with any other entity with respect to Garrett Motion equity securities.  The Shareholders have not agreed to act in concert with respect to their respective interests in Garrett Motion equity securities.

[2]   The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

requested to use cash collateral on an interim basis.

1. Through the Motion the Debtors seek interim approval to borrow $100 million under a new $250 million senior secured debtor-in-possession financing facility on an emergency basis with less than 24 hours' notice to any party in interest. The Debtors have not demonstrated that such relief is necessary or appropriate today.

2. The Debtors' chief financial officer, Mr. Deason, states in his first day declaration that, as of the Petition Date, the Debtors hold approximately $411.5 million in cash on hand. Deason Declaration at ¶35. Just last month, the Debtors stated that $482 million in liquidity was sufficient to meet the Debtors' needs for at least 12 months. *See* August 26, 2020 Press Release "*Garrett Motion Exploring Alternatives for Balance Sheet Restructuring*"; GTX 10-Q, July 30, 2020 at 33. While the Debtors make the conclusory statements that they need access to an additional $100 million (nearly half of the total postpetition financing facility) now to continue operating and pay their administrative expenses, they do not identify any specific debts that need to be funded or explain how the $411.5 of current cash is insufficient. The Debtors have not even included the "Initial DIP Budget" that would show how much cash the Debtors actually intend to use over the first month of this case.[3] The Debtors' substantial amount of cash on hand, which is nearly the amount that they said was sufficient for 12 months, is more than ample to allow for full and proper notice of the request to incur postpetition financing.

3. Given the lack of an identifiable expense that need to be funded and cannot be satisfied from cash collateral alone, the Debtors' argument for interim relief essentially boils to "enable the Debtors to continue operations, to demonstrate liquidity to customers,

---

[3] The Motion and the proposed order reference an Initial DIP Budget to be included as Schedule 1, which was not included in the public filings.

suppliers and business partners around the world, and to administer and preserve the value of their estates during the pendency of these Chapter 11 Cases." Motion at ¶6. Interim relief is intended to provide the debtors only that which they truly need on an emergency basis given the lack of notice and due process to parties. Customer, supplier, and business partner confidence and future administration of the case does not meet this standard when the Debtors have access to substantial amounts of cash.

4. The Shareholders do not object to the Debtors' use of cash collateral on an interim basis on the terms proposed, subject to their right to object on a final basis. That relief should be more than sufficient to allow the Debtors to provide full and fair notice to parties in interest of the request to approve the incurrence of an additional $250 million in postpetition financing.

Accordingly, the Court should deny interim approval of the request for postpetition financing so that the request may be made on full and proper notice to parties in interest.

Dated: September 21, 2020
      New York, New York

Respectfully submitted,

<u>/s/ Anna Kordas</u>
JONES DAY
Anna Kordas, Esq.
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
E-mail: akordas@jonesday.com

- and -

JONES DAY
Bruce Bennett, Esq. (*pro hac vice application to be submitted*)
Joshua M. Mester (*pro hac vice application to be submitted*)
555 S. Flower St.
50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
E-mail: bbennett@jonesday.com
E-mail: jmester@jonesday.com

*Counsel for Certain Shareholders of Garrett Motion Inc.*