**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x

In re                                                  :        Chapter 11
                                                       :
GARRETT MOTION INC., *et al.*,[1]                      :        Case No. 20-12212 (MEW)
                                                       :
                              Debtors.                 :        Jointly Administered
                                                       :
———————————————————————— x

### INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Garrett Motion Inc. and certain of its

affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order

(this "Interim Order") (a) establishing notice and objection procedures for transfers of equity

securities and claims of worthless stock deductions; (b) directing that any purchase, sale, or other

transfer of Common Stock in violation of the Equity Procedures shall be null and void *ab initio*;

and (c) granting related relief; and this Court having jurisdiction to consider the Motion pursuant

to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

District of New York (the "Local Rules"), and that, except as otherwise ordered herein, no other

or further notice is necessary; and any objections (if any) to the Motion having been withdrawn,

resolved or overruled on the merits; and a hearing having been held to consider the relief

requested in the Motion and upon the record of the hearing and all of the proceedings had before

this Court; and this Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Equity Procedures, as set forth in Exhibit 1 attached hereto, as well as

the forms of notice contained in the exhibits thereto, are hereby approved.

3.      Any transfer of Beneficial Ownership of, or declaration of worthlessness

with respect to, Common Stock, in violation of the Equity Procedures, including but not limited

to the notice requirements, shall be null and void *ab initio*, and the person or entity making such

transfer or declaration shall be required to take such steps as the Court determines are necessary

in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      The Debtors may waive, in writing, in their discretion, any and all

restrictions, stays, and notification procedures set forth in the Equity Procedures; *provided* that

such waiver will not prejudice the rights of any other party pursuant to this Interim Order.

5.      Within two business days after the entry of this Interim Order, the Debtors

shall provide notice in substantially the form attached hereto as Exhibit 2 (the "Notice of Interim

Order") to (a) the Office of the United States Trustee for the Southern District of New York (the

"U.S. Trustee"); (b) counsel to Citibank, N.A., as administrative agent for the DIP credit facility,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock,

P.C. (ray.schrock@weil.com) and Candace M. Arthur, Esq. (candace.arthur@weil.com);

(c) counsel to JPMorgan Chase Bank, N.A., as administrative agent for the Debtors' prepetition

credit facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn:

Kristopher M. Hansen, Jonathan D. Canfield, Joanne Lau and Alexander A. Fraser; (d) the

parties identified on the Debtors' consolidated list of 30-largest unsecured creditors; (e) counsel

to the ad hoc group of lenders under the Debtors' prepetition credit facility, Gibson, Dunn &

Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg; (f) counsel to

KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, 450 Lexington

Avenue, New York, NY 10017, Attn: Brian M. Resnick (brian.resnick@davispolk.com) and Josh

Sturm (joshua.sturm@davispolk.com); (g) counsel to the ad hoc group of bondholders, Ropes &

Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Matthew M. Roose

(matthew.roose@ropesgray.com) and Mark I. Bane (mark.bane@ropesgray.com); (h) the

Securities and Exchange Commission; (i) counsel to certain holders of Common Stock, Jones

Day LLP, 555 South Flower Street, Fiftieth Floor, Los Angeles, CA 90071, Attn: Joshua Mester

(jmester@jonesday.com); (j) all registered holders of Common Stock, to the extent known (in

such case, solely via first class mail (or via electronic mail, where available)); and (k) all parties

who, as of the filing of this Interim Order, have filed a notice of appearance and request for

service of papers pursuant to Bankruptcy Rule 2002.

6.    The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to implement and effectuate the relief

granted in this Interim Order.

7.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

8.      The requirements set forth in Bankruptcy Rule 6003(b) are deemed inapplicable to the Motion.

9.      The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

10.     This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

12.     The final hearing (the "Final Hearing") on the Motion shall be held at a date and time determined by the Court. The Debtors will serve notice of the Final Hearing as soon as practicable following the scheduling of the Final Hearing. Any objections or responses to entry of a final order on the Motion shall be filed by the date and time set forth in such notice, and shall be served on the following parties: (a) the Debtors, Garrett Motion Inc., 47548 Halyard Drive, Plymouth, MI, 48170, Attn: General Counsel; (b) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Noam R. Weiss; (c) the Office of the United States Trustee for the Southern District of New York; (d) counsel to Citibank, N.A., as administrative agent for the DIP credit facility, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com) and Candace M. Arthur, Esq. (candace.arthur@weil.com); (e) counsel to JPMorgan Chase Bank, N.A., as administrative agent for the Debtors' prepetition credit facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen (khansen@stroock.com), Jonathan D. Canfield (jcanfield@stroock.com),

-4-

Joanne Lau (jlau@stroock.com) and Alexander A. Fraser (afraser@stroock.com); (f) counsel to the ad hoc group of lenders under the Debtors' prepetition credit facility, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Steven A. Domanowski (sdomanowski@gibsondunn.com) and Matthew G. Bouslog (mbouslog@gibsondunn.com); (g) counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick (brian.resnick@davispolk.com) and Josh Sturm (joshua.sturm@davispolk.com); (h) counsel to the ad hoc group of bondholders, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Matthew M. Roose (matthew.roose@ropesgray.com) and Mark I. Bane (mark.bane@ropesgray.com); (i) counsel to certain holders of Common Stock, Jones Day LLP, 555 South Flower Street, Fiftieth Floor, Los Angeles, CA 90071, Attn: Joshua Mester (jmester@jonesday.com); (j) the parties identified on the Debtors' consolidated list of 30-largest unsecured creditors; (k) the Securities and Exchange Commission; and (l) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

Dated:    September 25, 2020                           **s/Michael E. Wiles**
          New York, New York                         United States Bankruptcy Judge

## __EXHIBIT 1__

## __Equity Procedures__

## PROCEDURES FOR TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO, COMMON STOCK

Acquisitions and dispositions of Beneficial Ownership of Common Stock in violation of the Equity Procedures set forth below shall be void *ab initio*, and the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

The following procedures apply to transfers of Common Stock:[1]

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve, via mail and, if an email address is listed, email, upon (i) the Debtors, Garrett Motion Inc., 47548 Halyard Drive, Plymouth, MI, 48170, Attn: General Counsel; (ii) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Noam R. Weiss; and (iii) counsel to any official statutory committee appointed in the Chapter 11 Cases (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of Exhibit 1A attached to the Equity Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (a) 20 calendar days after the date of the Notice of Interim Order (as defined herein), or (b) ten calendar days after becoming a Substantial Shareholder.

b.   At least 10 calendar days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of Exhibit 1B attached to the Equity Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.   At least 10 calendar days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of Exhibit 1C attached to the Equity Procedures (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

d.      The Debtors shall have 7 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 7 calendar -day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 7 calendar-day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of the Equity Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 3,593,111 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock);[2] (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of Section 382 of the IRC and the Treasury Regulations thereunder and Internal Revenue Service rulings and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and, to the extent set forth in Treasury Regulations Section 1.382-4, ownership of equity securities that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness with respect to Common Stock:

a.      Any person or entity that currently is or becomes a 50% Shareholder (as defined below) must file with the Court, and serve upon the Notice Parties, a notice of such status, in the form of Exhibit 1D attached to the Equity Procedures, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50% Shareholder.

b.      At least 10 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon the Notice Parties,

---

[2]      Based on approximately 75,636,000 million shares of Common Stock outstanding as of the Petition Date.

an advance written notice in the form of Exhibit 1E attached to the Equity Procedures (a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

c.    The Debtors will have 7 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 7 calendar -day period, and while any objection by the Debtors to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 7 calendar -day period, the filing of the tax return with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 7 calendar -day waiting period.

d.    For purposes of the procedures, a "50% Shareholder" of Garrett Motion Inc. is any person or entity that is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations.

## **NOTICE PROCEDURES**

The following notice procedures apply to the foregoing Equity Procedures:

a.    No later than two business days following entry of the Interim Order, the Debtors shall serve by overnight mail, postage prepaid a notice, substantially in the form of Exhibit 2 attached to the Interim Order (the "Notice of Interim Order"), on: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to Citibank, N.A., as administrative agent for the DIP credit facility, Weil, Gotshal & Manges LLP; (iii) counsel to JPMorgan Chase Bank, N.A., as administrative agent for the Debtors' prepetition credit facility, Stroock & Stroock & Lavan LLP; (iv) the parties identified on the Debtors' consolidated list of 30-largest unsecured creditors; (v) counsel to the ad hoc group of lenders under the Debtors' prepetition credit facility, Gibson, Dunn & Crutcher LLP; (vi) counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP,; (vii) counsel to the ad hoc group of bondholders, Ropes & Gray LLP; (viii) the Securities and Exchange Commission; (ix) counsel to certain holders of Common Stock, Jones Day LLP; (x) all registered holders of Common Stock, to the extent known (in such case, solely via first class mail (or electronic mail, where available)); (xi) counsel to any statutory committee appointed in these Chapter 11 Cases; and (xii) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy

Rule 2002.  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.    Within five business days after receiving a Notice of Interim Order or Notice of Final Order, as applicable, all registered holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder holds such Common Stock down the chain of ownership.

c.    Any entity or broker or agent acting on such entity's or individual's behalf who sells in excess of 3,593,111 shares of Common Stock (*i.e.,* approximately 4.75% of all issued and outstanding shares of Common Stock) to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.    As soon as is practicable following entry of the Interim Order and Final Order, the Debtors shall submit a copy of the Notice of Interim Order and Notice of Final Order, as applicable and as modified for potential publication by Bloomberg in Bloomberg Professional Service.

To the extent confidential information is required in any declaration described in these Equity Procedures, such confidential information may be filed and served in redacted form; *provided, however*, that any such declarations served on the Debtors **shall not** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided, however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **EXHIBIT 1A**

### **Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

In re                                                  :     Chapter 11
                                                       :
GARRETT MOTION INC., *et al.*,[1]                       :     Case No. 20-12212 (MEW)
                                                       :
              Debtors.                     :     Jointly Administered
                                                       :
_____ x

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a

Substantial Shareholder with respect to the common stock of Garrett Motion Inc. or of any

Beneficial Ownership therein (the "Common Stock").  Garrett Motion Inc. is a debtor and

debtor-in-possession in Case No. 20-12212 (MEW) pending in the United States Bankruptcy

Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2020, the

undersigned party currently has Beneficial Ownership of _____ shares of Common

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 3,593,111 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

Stock.  The following table sets forth the date(s) on which the undersigned party acquired

Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

*(Attach additional page or pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain

[*Interim/Final*] *Order (I) Establishing Notice and Objection Procedures for Transfers of Equity*

*Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [D.I. ___]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order), on or before the later of (a) 20 calendar days after

the date of the Notice of Interim Order (as defined in the Interim Order), or (b) ten calendar days

after becoming a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746,

under penalty of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

-2-

Respectfully submitted,

_____
(Name of Substantial Shareholder)

By:_____
Name:
Address:

_____
Telephone: _____
Facsimile:  _____


Dated:    _____, 20_____

_____, _____
(City)           (State)

**EXHIBIT 1B**

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

In re                                                     :          Chapter 11
                                                          :
GARRETT MOTION INC., *et al.*,[1]                         :          Case No. 20-12212 (MEW)
                                                          :
                                  Debtors.                :          Jointly Administered
                                                          :
_____ x

### DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

      **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or

more shares of common stock of Garrett Motion Inc. or of any Beneficial Ownership therein (the

"Common Stock").  Garrett Motion Inc. is a debtor and debtor-in-possession in Case No. Case

No. 20-12212 (MEW) pending in the United States Bankruptcy Court for the Southern District

of New York (the "Court").

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 3,593,111 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____

__, 2020, the undersigned party filed a declaration of status as a Substantial Shareholder with the

Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has

Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer,

the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial

Ownership of _____ shares of Common Stock or an Option with respect to _____ shares

of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will

have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes

effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain

[*Interim/Final*] *Order (I) Establishing Notice and Objection Procedures for Transfers of Equity*

*Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [D.I. __]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer

unless and until the undersigned party complies with the Equity Procedures set forth therein, that

any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the

sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 7 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such 7 calendar-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court, to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

_____
(Name of Declarant)

By:_____
Name:
Address:

_____
Telephone: _____
Facsimile:  _____

Dated:    _____, 20_____

    _____, _____
    (City)        (State)

# **EXHIBIT 1C**

## **Declaration of Intent to Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                          :       Chapter 11
                                                               :
GARRETT MOTION INC., *et al.*,[1]                              :       Case No. 20-12212 (MEW)
                                                               :
                              Debtors.                         :       Jointly Administered
                                                               :
---------------------------------------------------------------- x

## <u>DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]</u>

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "<u>Proposed Transfer</u>") one or more shares of

common stock of Garrett Motion Inc. or of any Beneficial Ownership therein (the "<u>Common</u>

<u>Stock</u>").  Garrett Motion Inc. is a debtor and debtor-in-possession in Case No. 20-12212 (MEW)

pending in the United States Bankruptcy Court for the Southern District of New York (the

"<u>Court</u>").

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2]    For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 3,593,111 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock); (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2020, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *[Interim/Final] Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 7 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 7 calendar-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

_____
(Name of Declarant)

By:_____
Name:
Address:

_____
Telephone: _____
Facsimile:  _____

Dated:    _____, 20_____

        _____,  _____
        (City)        (State)

## **EXHIBIT 1D**

## **Declaration of Status as 50% Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| GARRETT MOTION INC., *et al.*,[1] | : | Case No. 20-12212 (MEW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50%

Shareholder with respect to the common stock of Garrett Motion Inc. or of any Beneficial

Ownership therein (the "Common Stock"). Garrett Motion Inc. is a debtor and debtor-in-

possession in Case No. 20-12212 (MEW) pending in the United States Bankruptcy Court for the

Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ ___, 2020, the

undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1] The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2] For purposes of this Declaration: (i) "50% Shareholder" is any person or entity that is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following table sets forth the date(s) on which the undersigned party acquired Beneficial

Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

*(Attach additional page or pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain

[*Interim/Final*] *Order (I) Establishing Notice and Objection Procedures for Transfers of Equity*

*Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [D.I. __]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon

the Notice Parties (as defined in the Order) on or before the later of (i) 20 calendar days after the

date of the Notice of Interim Order (as defined in the Interim Order) and (ii) ten calendar days

after becoming a 50% Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746,

under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

-2-

Respectfully submitted,

_____
(Name of 50% Shareholder)

By:_____
Name:
Address:

_____
Telephone: _____
Facsimile:  _____


Dated:    _____, 20_____

      _____, _____
         (City)         (State)

-3-

**<u>EXHIBIT 1E</u>**

**<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————————— x
                                                    :
In re                                               :        Chapter 11
                                                    :
GARRETT MOTION INC., *et al.*,[1]                   :        Case No. 20-12212 (MEW)
                                                    :
                                    Debtors.        :        Jointly Administered
                                                    :
——————————————————————————— x

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction with respect to one or more shares of common

stock of Garrett Motion Inc. or of any Beneficial Ownership therein (the "Common Stock") (the

"Proposed Worthlessness Claim").  Garrett Motion Inc. is a debtor and debtor in possession in

Case No. 20-12212 (MEW) pending in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of
debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete
list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A
complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing
agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16,
Rolle, Switzerland.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person or entity that is or becomes a "50-
percent shareholder" within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury
Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section
382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a
holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a
partner in a partnership would be considered to own its proportionate share of any equity securities owned by
such partnership), ownership by such holder's family members and entities acting in concert with such holder to
make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an
Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase,
warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar
interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2020, the undersigned party filed a declaration of status as a 50% Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Worthlessness Claim unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 7 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes non-appealable.  If the Debtors do not object within such 7 calendar -day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____
(Name of Declarant)

By:_____
Name:
Address:

_____
Telephone: _____
Facsimile:  _____


Dated: _____, 20_____

_____, _____
(City)         (State)

## **EXHIBIT 2**

## **Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ x | | |
| In re | : | Chapter 11 |
| | : | |
| GARRETT MOTION INC., *et al.*,[1] | : | Case No. 20-12212 (MEW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| _____ x | | |

**NOTICE OF (I) DISCLOSURE PROCEDURES APPLICABLE TO
CERTAIN HOLDERS OF COMMON STOCK, (II) DISCLOSURE PROCEDURES FOR
TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO
COMMON STOCK, AND (III) FINAL HEARING ON THE APPLICATION THEREOF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE
BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF
COMMON STOCK OF GARRETT MOTION INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that on September 20, 2020 (the "Petition Date"),

Garrett Motion Inc. and its affiliated debtors and debtors-in-possession (collectively, the

"Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of

New York (the "Court") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101

*et seq.* (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy

Code operates as a stay of any act to obtain possession of property of or from the Debtors'

estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors

filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notice And*

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

*Objection Procedures For Transfers Of Equity Securities And Claims Of Worthless Stock*

*Deductions and (II) Granting Related Relief* [D.I. 13] (the "Motion").

  **PLEASE TAKE FURTHER NOTICE** that on [_____], 2020, the Court

entered the *Interim Order (i) Establishing Notice And Objection Procedures For Transfers Of*

*Equity Securities And Claims Of Worthless Stock Deductions and (ii) Granting Related Relief*

[D.I. __] (the "Order") approving procedures for certain transfers of, and Declarations of

Worthlessness with respect to, Common Stock, set forth in **Exhibit 1** attached to the Order (the

"Equity Procedures").[2]

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial

Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or

Beneficial Ownership of Common Stock in violation of the Equity Procedures, and any such

transaction in violation of the Equity Procedures shall be null and void *ab initio.*

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a 50%

Shareholder may not claim a worthless stock deduction in respect of the Common Stock or

Beneficial Ownership of Common Stock in violation of the Equity Procedures, and any such

deduction in violation of such Procedures is null and void *ab initio*.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Equity

Procedures shall apply to the holding and transfers of Common Stock or any Beneficial

Ownership therein by a Substantial Shareholder or someone who may become a Substantial

Shareholder.

  **PLEASE TAKE FURTHER NOTICE** that, upon the request of any entity, the

proposed notice, solicitation, and claims agent for the Debtors, Kurtzman Carson Consultants

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LLC, will provide a copy of the Order and a form of each of the declarations required to be filed

by the Equity Procedures in a reasonable period of time.  Such declarations are also available via

PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or by accessing the

Debtors' restructuring website at http://www.kccllc.net/garrettmotion.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "<u>Final</u>

<u>Hearing</u>") on the Motion shall be held at a date and time determined by the Court.  The Debtors

will serve notice of the Final Hearing as soon as practicable following the scheduling of the Final

Hearing. Any objections or responses to entry of a final order on the Motion shall be filed by the

date and time set forth in such notice, and shall be served on the following parties:  (a) the

Debtors, Garrett Motion Inc., 47548 Halyard Drive, Plymouth, MI, 48170, Attn: General

Counsel; (b) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New

York, New York 10004, Attn: Noam R. Weiss; (c) the Office of the United States Trustee for the

Southern District of New York; (d) counsel to Citibank, N.A., as administrative agent for the

DIP credit facility, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153,

Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com) and Candace M. Arthur, Esq.

(candace.arthur@weil.com); (e) counsel to JPMorgan Chase Bank, N.A., as administrative agent

for the Debtors' prepetition credit facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane,

New York, NY 10038, Attn: Kristopher M. Hansen (khansen@stroock.com), Jonathan D.

Canfield (jcanfield@stroock.com), Joanne Lau (jlau@stroock.com) and Alexander A. Fraser

(afraser@stroock.com); (f) counsel to the ad hoc group of lenders under the Debtors' prepetition

credit facility, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn:

Scott J. Greenberg (sgreenberg@gibsondunn.com), Steven A. Domanowski

(sdomanowski@gibsondunn.com) and Matthew G. Bouslog (mbouslog@gibsondunn.com); (g)

counsel to KPS Capital Partners, LP, as stalking horse bidder, Davis Polk & Wardwell LLP, 450

Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick

(brian.resnick@davispolk.com) and Josh Sturm (joshua.sturm@davispolk.com); (h) counsel to

the ad hoc group of bondholders, Ropes & Gray LLP, 1211 Avenue of the Americas, New York,

NY 10036, Attn: Matthew M. Roose (matthew.roose@ropesgray.com) and Mark I. Bane

(mark.bane@ropesgray.com); (i) counsel to certain holders of Common Stock, Jones Day LLP,

555 South Flower Street, Fiftieth Floor, Los Angeles, CA 90071, Attn: Joshua Mester

(jmester@jonesday.com); (j) the parties identified on the Debtors' consolidated list of 30-largest

unsecured creditors; (k) the Securities and Exchange Commission; and (l) to the extent not listed

herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE
EQUITY PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A
VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS
OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED
PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF
WORTHLESSNESS WITH RESPECT TO, COMMON STOCK, BENEFICIAL
OWNERSHIP THEREIN, OR OPTION WITH RESPECT THERETO IN VIOLATION
OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID AB INITIO
AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY
DETERMINE.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:    [•], 2020                    /s/            *DRAFT*
         New York, New York         Andrew G. Dietderich
                                    Brian D. Glueckstein
                                    Benjamin S. Beller
                                    Noam R. Weiss
                                    SULLIVAN & CROMWELL LLP
                                    125 Broad Street
                                    New York, New York  10004
                                    Telephone:  (212) 558-4000
                                    Facsimile:  (212) 558-3588
                                    E-mail:      dietdericha@sullcrom.com
                                    gluecksteinb@sullcrom.com
                                    bellerb@sullcrom.com
                                    weissn@sullcrom.com
                                    *Proposed Counsel to the Debtors*