**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York**

| | | |
|---|---|---|
| <u>In re</u> | ) | Chapter 11 |
| | ) | |
| Garrett Motion Inc., et al., | ) | Case No 20-12212 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS FOR

### Garrett Motion Holdings II Inc.

### Case No: 20-12224

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Garrett Motion Holdings II Inc.**

**Case Number:  20-12224**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### GLOBAL NOTES

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Garrett Motion Inc. ("GMI") and its three affiliated debtors (each, a "Reporting Debtor") in these jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") have been prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Reporting Debtors with the assistance of their court-appointed advisors and are unaudited. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes, and inadvertent errors or omissions may exist. The Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, and there can be no assurance that the Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any rights with respect to the Reporting Debtors' chapter 11 cases (the "Chapter 11 Cases"), including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. These Global Notes should be referred to in connection with any review of the Schedules and Statements.

Description of the Chapter 11 Cases. On September 20, 2020 (the "Petition Date"), each of the Reporting Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each Reporting Debtor's fiscal year ends on December 31. Unless otherwise noted, information regarding assets contained in the Schedules and Statements is as of September 30, 2020, and information regarding liabilities is as of the Petition Date. All other information is as of the Petition Date, unless otherwise indicated.

History of the Reporting Debtors. GMI was formed as an independent company on October 1, 2018 when it was spun-off from Honeywell International Inc. ("Honeywell").   Equity interests in mostly pre-existing entities (and their respective assets and liabilities) were transferred from Honeywell to certain of the Reporting Debtors and their subsidiaries in the spin-off.  The Reporting Debtors may not have received supporting detailed information during the spin-off and have prepared information regarding assets, liabilities and responses using the best information available to them.

Basis of Presentation. GMI is a publicly held corporation. For financial reporting purposes, GMI prepares consolidated financial statements and is audited annually. Unlike the consolidated financial statements, these Schedules and Statements reflect stand-alone assets and liabilities of each separate Reporting Debtor. Certain affiliates of the Reporting Debtors are also debtors under chapter 11 cases that are being jointly administered with the Chapter 11 Cases, but have not filed schedules and statements at this time. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to reconcile to the financial statements filed by GMI and its subsidiaries with the U.S. Securities and Exchange Commission ("SEC").

Excluded Liabilities. The Reporting Debtors have excluded certain liabilities from presentation on the Schedules and Statements, including accrued liabilities, accrued salaries and employee benefits, tax accruals and accrued accounts payable. Liabilities resulting from accruals and/or estimates of long-term liabilities either are not payable at this time or have not been substantiated under the Reporting Debtors' normal procedures and therefore do not represent specific identifiable claims against the Reporting Debtors as of the date of this report.

Undetermined Amounts. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

Market Value of Assets. It would be unduly burdensome and an inefficient use of estate assets for the Reporting Debtors to obtain current market valuations of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values for assets as of September 30, 2020. Amounts ultimately realized may vary from net book value and such variance may be material.

Totals. To the extent there are unknown or undetermined amounts listed in the Schedules and Statements, the actual total may be different than the listed total, which includes known amounts only.

Amendment. The Reporting Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary and appropriate.

Schedules of Assets & Liabilities

Cash and Investments. Bank account cash reported on Schedule A/B represents balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts because net book value may not be representative of fair market value.

Deposits, including security deposits and utility deposits. Retainers expected to be applied to fee applications in the Chapter 11 Cases have been excluded.

Intercompany Accounts. The Reporting Debtors participate in a centralized cash management system through which certain payments were made by one entity on behalf of another or through which certain customer collections are made by one entity and transferred to another. These payments have generally been reported on the Schedules of the Reporting Debtor that actually made the payment or received the customer collection. Intercompany balances on Schedule A/B and Schedule E/F account for the necessary transfer of intercompany assets and liabilities between entities.

Interest in Subsidiaries and Affiliates. Schedule A/B Part 4 contains a listing of the current capital structure of the Reporting Debtors, debtors under jointly administered chapter 11 cases, and non-debtor subsidiaries and affiliates, and includes ownership interests in any related affiliates.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Garrett Motion Holdings II Inc.**

**Case Number:  20-12224**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

Tax refunds and unused net operating losses (NOLs). GMI is the parent of the US tax group, of which each Reporting Debtor is a member.  The US tax group is carrying an NOL and R&D tax credit which may have value to each member entity.

Contingent Assets. The Reporting Debtors may not have set forth all causes of action against third parties as assets in their Schedules and Statements. The Reporting Debtors reserve all of their rights with respect to any claims, counter claims, causes of action or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action, or in any way prejudice or impair the assertion of such claims.

Classifications. Placement of a claim on Schedule D or E/F or listing a contract on Schedule G  does not constitute an admission by the Reporting Debtor of the legal rights of the claimant, or a waiver of the Reporting Debtor's right to recharacterize or reclassify such claim or contract, including by amending the Schedules and Statements.

Schedule D - Creditors Holding Secured Claims. The Reporting Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to any creditor's claim. Amounts in foreign currencies were translated to USD based on exchange rate on the Petition Date.

Although multiple parties participate in the Reporting Debtors' prepetition secured credit facility and hold senior notes, only the administrative agent or indenture trustee has been listed for purposes of Schedules D and E/F. The amounts included reflect principal owed under the secured credit facility.

Schedule E/F - Creditors Holding Unsecured Priority Claims.  As of the Petition Date, the Reporting Debtors are not aware of any unsecured priority amounts owed.  Certain taxing authorities are listed at an undetermined amount.  Pursuant to orders approved by the Bankruptcy Court, the Reporting Debtors believe they have the authority to satisfy any prepetition obligations to taxing authorities and that any unpaid obligations have been or will be satisfied.

Schedule E/F - Creditors Holding Unsecured Nonpriority Claims. Claims for, among other things, products, goods or services are listed as either the lower of the amount invoiced or the amount entered on the Reporting Debtors' books and records, and may not reflect credits or allowances. The Reporting Debtors reserve all rights with respect to any credits and allowances, including the right to assert claims objections and/or setoffs with respect to same. The claims listed in Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact. The Reporting Debtors do not list a date for each claim listed on Schedule E/F.

Amounts paid under the first and second day orders approved by the Bankruptcy Court since the Petition Date have been deducted to the extent that such payment information was recorded in the Reporting Debtors' books and records as of October 25, 2020. The Reporting Debtors hereby expressly reserve any and all rights to amend or revise the information set forth above and expect further payments to be made under first and second day orders.

Amounts reflected under the senior notes include principal and accrued and unpaid interest as of the Petition Date.

Designations. The Reporting Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Schedule G - Unexpired Leases and Executory Contracts. Schedule G contains the Reporting Debtors' contracts and agreements as of the Petition Date. Every effort has been made to ensure the accuracy of Schedule G, however inadvertent errors, omissions or overinclusion may have occurred. The Reporting Debtors reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G and to amend or supplement such Schedule as necessary. Some of the contracts, agreements and leases listed on Schedule G may have expired or may have been modified or amended. The inclusion of a contract or agreement on Schedule G does not constitute an admission by the Reporting Debtors that such contract or agreement is an executory contract or unexpired lease. Certain of the executory contracts may not have been memorialized and could be subject to dispute.

In certain instances where the party is "GMI" or where the party is unable to be definitively determined, the Reporting Debtors have listed such contracts and agreements on the Schedule G of GMI. If multiple Reporting Debtors are parties to a given contract or agreement, that contract or agreement will be listed for each Reporting Debtor named.  Additionally, in the spin-off from Honeywell, a number of executory contracts were assigned to the Reporting Debtors, which contracts are listed on Schedule G. While the contract documents may not reflect a Reporting Debtor counterparty on their face, on information and belief, the Reporting Debtors are party to such contracts.

The Reporting Debtors have not listed individually engagement letters for retained professionals, confidentiality agreements, non-disclosure agreements, non-compete agreements, and confidential agreements.

Schedule H - Codebtors. Schedule H reflects guaranties by various Reporting Debtor and non-Reporting Debtor affiliates of obligations primarily vested in other related affiliates. Where guaranties have been identified, they have been included in the relevant Schedule for the Reporting Debtor or Reporting Debtors affected by such Guaranties. The Reporting Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guaranties were additionally placed on Schedule D or E/F or G for each guarantor. The Reporting Debtors may not have identified certain guaranties that are embedded in the Reporting Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

Statements of Financial Affairs.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

**Garrett Motion Holdings II Inc.**

**Case Number: 20-12224**

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

Questions 3, 4, and 30 - Payments to Certain Creditors. The Reporting Debtors maintain a centralized cash management system through which payments are made on behalf of certain Reporting Debtor affiliates as further explained in the Reporting Debtors' Cash Management Motion. Consequently, certain payments listed in response to Questions 3, 4, and 30 may reflect payments made by a Reporting Debtor on behalf of another Reporting Debtor as described in the Cash Management Motion. The Reporting Debtors have excluded ordinary course intercompany transfers and ordinary course salaries, wages, related allowances and benefits from their response to Question 4.

The Reporting Debtors have responded to Question 3 in detailed format by creditor. The response does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or any ordinary course compensation of individuals, insider or otherwise, from salaries, wages, or related allowances.

The Reporting Debtors have responded to Questions 4 and 30 in detailed format in the attachment for Question 4. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Reporting Debtors have listed in response to Question 4 all payments made during the 12-month period, irrespective of when such person was defined as an insider. The dates recorded for the vesting of employee restricted stock units may differ from the actual vesting date given that the employee restricted stock units are shown as recorded on the dates of the payrolls within which the income was recorded.

Any non-cash distributions including Restricted Units and Stock Options are valued in accordance with the applicable Reporting Debtors' policies for taxable value.

Question 11 - The response to Question 11 identifies payments made related to bankruptcy, including to professionals the Reporting Debtors have retained or will seek to retain under section 327 of the Bankruptcy Code. Although the Reporting Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

Question 25 - The list provided in response to this question identifies the businesses for which the Reporting Debtor was an owner, partner, member or otherwise a person in control since the spin-off transaction from Honeywell on October 1, 2018.

Question 26 - Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, GMI has filed with the SEC reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Reporting Debtors and non-Reporting Debtors. In addition, the Reporting Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing. The Reporting Debtors do not maintain detailed records tracking such disclosures. Therefore, the Reporting Debtors have not provided lists of these parties.

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**          **20-12224**

| Part 1: | Income |
|---|---|

### 1. Gross Revenue from business

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY          MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**          **20-12224**

| Part 1: | Income |
|---------|--------|

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY      MM/DD/YYYY | _____ | _____ |

**Garrett Motion Holdings II Inc.**                                    Case Number:        **20-12224**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1    NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

|  | **TOTAL** | $0 |
|---|---|---|

**Garrett Motion Holdings II Inc.**                                  **Case Number:**        **20-12224**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|-------------------------------------------------------|-------|--------|--------------------|

4.1    NONE

|  | **TOTAL** | **$0** |  |

|  | **TOTAL** | **$0** |  |

**Garrett Motion Holdings II Inc.**                                        Case Number:        **20-12224**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|-----------------------------|----------------------------|-----------------------|-------------------|
| 5.1    NONE |  |  | $0 |

|  |  |  | **TOTAL** | **$0** |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**              **20-12224**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|-----------------------------|-------------------------------------|-------------------|----------------|--------|
| 6.1 NONE | | | | $0 |

|  |  | **TOTAL** | **$0** |
|--|--|-----------|--------|

**Garrett Motion Holdings II Inc.**                                              **Case Number:**        **20-12224**

| **Part 3:** | **Legal Actions or Assignments** |

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|
| 7.1    NONE | | | |

**Garrett Motion Holdings II Inc.**                                                          **Case Number:**        **20-12224**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|------------------------|-------|
| 8.1    NONE | | | | | |

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**         **20-12224**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|------------------------------|-----------------------------------|-------------------------------------------|-------------|-------|

9.1    NONE

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**        **20-12224**

| Part 5: | Certain Losses |
|---------|----------------|

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1    NONE | | | | Undetermined |

                                                                                    **TOTAL**        **Undetermined**

**Garrett Motion Holdings II Inc.**

**Case Number:**    **20-12224**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1   NONE | | | | | $0 |

**Garrett Motion Holdings II Inc.**                                    Case Number:          **20-12224**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|-------------------------|---------|-----------------------------------|---------------------------|----------------------|
| 12.1    NONE | | | | $0 |

**Garrett Motion Holdings II Inc.**                                    Case Number:        **20-12224**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  |  | **TOTAL** | **$0** |
|---|---|---|---|---|

**Garrett Motion Holdings II Inc.**                                      **Case Number:**          **20-12224**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---------|--------------------|
| 14.1    NONE | From: _____ To: _____ |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**          **20-12224**

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1    NONE | | | | ☐ Electronic<br>☐ Paper |

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**        **20-12224**

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.    _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**Garrett Motion Holdings II Inc.**                                          **Case Number:**          **20-12224**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes.  Fill in below:

Describe: _____          EIN: _____

Has the plan been terminated?

☐ No

☐ Yes

**Garrett Motion Holdings II Inc.**                                                                      Case Number:          **20-12224**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1    NONE | | | | |

**Garrett Motion Holdings II Inc.**                                     **Case Number:**          **20-12224**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|------------------------------------------------------------------|

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|------------------------------------------|------------------------------------------------|------------------------------|-----------------------------|
| 19.1    NONE | | | ☐ No<br>☐ Yes |

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**    **20-12224**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| | Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|---|
| 20.1 | VERIZON TERREMARK C/O GARRETT ADVANCING MOTION CATERINGWEG 5 1118 AM SCHIPHOL NETHERLANDS | DINBANDHU KUMAR, VISHWAS JAISWAL, SATHEESH KUMAR PRV | C/O GARRETT MOTION INC. 47551 HALYARD DRIVE PLYMOUTH, MI 48170 | PRIMARY BACK UP FOR ALL DEBTORS' SITE SERVERS | ☐ No ☑ Yes |

**Garrett Motion Holdings II Inc.**                              Case Number:        **20-12224**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
| --- | --- |

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
| --- | --- | --- | --- |
| 21.1    NONE | | | |

**Garrett Motion Holdings II Inc.**                                  **Case Number:**          **20-12224**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22.1    NONE | | | |

**Garrett Motion Holdings II Inc.**                                                                                          **Case Number:**        **20-12224**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23.1   NONE | | | |

**Garrett Motion Holdings II Inc.**                                                    **Case Number:**      **20-12224**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1   NONE | | | |

**Garrett Motion Holdings II Inc.**                                    Case Number:          **20-12224**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1    NONE | | | |

**Garrett Motion Holdings II Inc.**                                          Case Number:        **20-12224**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | |
| --- | --- | --- | --- |
| 26a.1 RUSSELL JAMES<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH, MI 48170 | From: | 2020 | To: |
| 26a.2 SEAN DEASON<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH, MI 48170 | From: | 2020 | To: |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**        **20-12224**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

**26. Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | |
| --- | --- | --- | --- |
| 26b.1   DELOITTE & TOUCHE LLP<br>4022 SELLS DRIVE<br>DALLAS, TX 75284-4708 | From: | 2020 | To: |
| 26b.2   DELOITTE SA<br>RUE DU PRE-DE-LA-BICHETTE 1<br>GENEVA 01202 | From: | 2020 | To: |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**        **20-12224**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1  RUSSELL JAMES<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH, MI 48170 | CHIEF ACCOUNTING OFFICER |
| 26c.2  SEAN DEASON<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH, MI 48170 | CHIEF FINANCIAL OFFICER |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**        **20-12224**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| **Name and Address** |
| --- |

26d.1    NONE

Garrett Motion Holdings II Inc.                                        Case Number:        20-12224

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1  NONE | | | | |

**Garrett Motion Holdings II Inc.**                                  **Case Number:**        **20-12224**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1  GREENE, ALEXANDER D.<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH , MI 48170 | DIRECTOR | |
| 28.2  JAMES, RUSSELL<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH , MI 48170 | TREASURER | |
| 28.3  LODATO, ANTHONY<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH , MI 48170 | DIRECTOR & PRESIDENT | |
| 28.4  MAIRONI, JEROME P.<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH , MI 48170 | DIRECTOR & SECRETARY | |
| 28.5  VAN HIMBEECK, KOENRAAD<br>C/O GARRETT MOTION INC.<br>47548 HALYARD DRIVE<br>PLYMOUTH , MI 48170 | DIRECTOR | |

**Garrett Motion Holdings II Inc.**                                      Case Number:          **20-12224**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1    NONE | | From: _____    To: _____ |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**        **20-12224**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1 | | | |
| | - | | |
| **TOTAL** | | | |

**Garrett Motion Holdings II Inc.**                                                      **Case Number:**          **20-12224**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31. I    GARRETT MOTION INC. | EIN:    82-4873189 |

Garrett Motion Holdings II Inc.                                                        Case Number:            20-12224

| Part 13: | Details About the Debtor's Business or Connections to Any Business |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. I    NONE | EIN: |

**Garrett Motion Holdings II Inc.**                                    **Case Number:**    **20-12224**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:**        November 3, 2020


**Signature:**    /s/ Sean Deason                                    Sean Deason, Chief Financial Officer

                                                                     **Name and Title**




Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes