Brian D. Pfeiffer
Philip Abelson
Harrison Denman
Colin T. West
John J. Ramirez
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

Jason N. Zakia (admitted *pro hac vice*)
WHITE & CASE LLP
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400

*Proposed Counsel to the Official Committee
of Unsecured Creditors of Garrett Motion
Inc., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| GARRETT MOTION INC., *et al.*[1] | Case No. 20-12212 (MEW) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF GARRETT MOTION INC., *ET AL.*,
FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING
A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

1.  On November 2, 2020 the Official Committee of Unsecured Creditors of Garrett Motion Inc., *et. al.*, filed the *Motion of the Official Committee of Unsecured Creditors of Garrett Motion Inc., et al., for Entry of an Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests*

---

[1]  The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

*for Information* [Docket No. 303] (the "Motion"). Objections to the Motion were to be filed and served no later than November 16, 2020 at 4:00 p.m. (ET) (the "Objection Deadline").

2. The undersigned certifies that to the best of his knowledge, and after reviewing the Court's docket in this case, no answer, objection, or otherwise responsive pleading to the Motion appears thereon. In accordance with rule 9075-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, this Certificate of No Objection is being filed at least forty-eight hours after expiration of the Objection Deadline.

3. It is hereby respectfully requested that the order attached to the Motion and attached for convenience again hereto as Exhibit A be entered at the Court's earliest convenience.

[*Remainder of page intentionally left blank*]

Dated: November 19, 2020  
       New York, New York

Respectfully submitted,

**WHITE & CASE LLP**
By: */s/ Brian D. Pfeiffer*

Brian D. Pfeiffer
Philip Abelson
Harrison Denman
Colin T. West
John J. Ramirez
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: brian.pfeiffer@whitecase.com
      philip.abelson@whitecase.com
      harrison.denman@whitecase.com
      cwest@whitecase.com
      john.ramirez@whitecase.com

  - and -

Jason N. Zakia (admitted *pro hac vice*)
WHITE & CASE LLP
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com

*Proposed Attorneys to the Official Committee of Unsecured Creditors of Garrett Motion Inc., et al.*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| GARRETT MOTION INC., *et al.*,[1] | ) | Case No. 20-12212 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Garrett Motion, Inc., *et al.*, (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information and authorizing the Committee to maintain a website for the benefit of the Debtors' creditors to the extent that the Committee determines such website is necessary; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core

---

[1] The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.  The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2.  The Committee shall implement the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with sections 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a) Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information or confidential and non-public proprietary information from other parties, including non-public information the disclosure of which is limited or prohibited by applicable law ("Confidential Non-Debtor Information" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "Confidential Information") or (ii) any information subject to attorney-client or state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party (collectively, the "Privileged Information"). In addition,

2

the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in section 1102(b)(3) of the Bankruptcy Code.

b) <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties.

c) <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that should not be disclosed, including, but not limited to, (i) pursuant to the terms of the Proposed Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee, and the hearing on such motion shall be noticed and scheduled, and any party may object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall be

3

deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information subject to the Information Request.

d) <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to Debtors' counsel. The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their advisors) or such third party, as applicable, or further order of the Court.

a) The Committee (or its members and representatives) will not be precluded from discussing Confidential Information (and sharing analyses or other documents generated by the Committee based on such Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors or the applicable other party; *provided*, however, that the Committee shall not share or discuss any Confidential Information pursuant to this sub-paragraph (e) that is or may be subject to a joint or common interest privilege with the Debtors without obtaining the Debtors' prior written consent.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol.

4. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall diminish or modify any rights or obligations of the Committee or its members and representatives with respect to the protection of Confidential Information or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' rights to disclose Confidential Information as permitted under any such confidentiality agreement), which rights or obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors or their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted gross negligence or willful misconduct. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7. The Committee is further authorized to establish and maintain a website utilize for the benefit of the Debtors' creditors to the extent that the Committee determines such website is necessary.

8. Nothing in this Order shall expand, restrict, affirm, or deny the right, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2020

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE