**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
                                                    :
In re                                               :    Chapter 11
                                                    :
GARRETT MOTION INC., *et al.*,[1]                   :    Case No. 20-12212 (MEW)
                                                    :
                                Debtors.            :    Jointly Administered
                                                    :
_____ x

**STIPULATION AND ORDER PERMITTING**
**PENSION BENEFIT GUARANTY CORPORATION TO FILE**
**CONSOLIDATED PROOFS OF CLAIM UNDER ONE CASE NUMBER**

This stipulation, agreement and proposed order (this "**Stipulation and Order**") is entered

into by and among Garrett Motion Inc. and its affiliated debtors and debtors-in-possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**") and Pension Benefit Guaranty

Corporation ("**PBGC**," and, together with the Debtors, the "**Parties**"). For the reasons and on

the terms and conditions set forth below, the Debtors have agreed to permit PBGC to file

consolidated proofs of claim (the "**Proofs of Claim**"), which will be deemed to have been filed

in each of the Debtors' cases identified in such Proofs of Claim:

1.      On September 20, 2020 ("**Petition Date**"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**") in the United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**").

2.      By an order entered on September 21, 2020, the Debtors' chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered under Case

_____

[1]   The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of
      debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors
      and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such
      information may be obtained on the website of the Debtors' claims and noticing agent at
      http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle,
      Switzerland.

No. 20-12212 (MEW) (the "**Lead Case**") pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.        On November 4, 2020, the Bankruptcy Court entered the *Order Establishing Deadlines for Filing Proofs of Claim Against Certain Debtors and Approving Form and Manner of Notice Thereof* [D.I. 323] (the "**Bar Date Order**")[2] fixing, among other things, December 18, 2020, at 4:00 p.m. (Eastern Time), as the deadline for filing proofs of claim against the four Seller Debtors.  The Bar Date Order and the notice of bar date (the "**Bar Date Notice**") specifically require that claimants with claims against more than one of the Seller Debtors file a separate proof of claim in the case of each such Seller Debtor against whom that claimant asserts a claim.

4.        PBGC is a wholly owned United States Government Corporation that administers the pension insurance program under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1301-1461 (2018).  The Title IV termination insurance program covers the Garrett Motion Inc. Pension Plan (the "**Pension Plan**").

5.        PBGC asserts that each of the Debtors is either a contributing sponsor of the Pension Plan or a member of the contributing sponsor's controlled group.  *See* 29 U.S.C. §§ 1301(a)(13), (14).

6.        PBGC has concluded that it may be required to file three separate claims for each of the Debtors.  These three claims would be for: (i) unfunded benefit liabilities to PBGC under 29 U.S.C. § 1362(b); (ii) unpaid minimum funding contributions to the Pension Plan required by 26 U.S.C. §§ 412, 430 (and, if the Pension Plan terminates, to PBGC under 29

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Bar Date Order.

U.S.C. § 1342); and (iii) unpaid premiums owed to PBGC under 29 U.S.C. §§ 1306, 1307.

PBGC asserts joint and several liability for these claims against each of the Debtors. *See* 29

U.S.C. §§ 1301(a)(13), (14). Therefore, PBGC believes that it may be required to file up to 111

proofs of claims (three proofs of claims against each of the 37 Debtors).  These multiple claims

would impose a significant administrative burden on the Debtors, PBGC, the Bankruptcy Court

and Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent.  As a result, the

Parties have agreed on an approach, as discussed below, which will permit PBGC to file

consolidated Proofs of Claim against all of the Debtors.

7.        Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules,

the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy

Court (including the Bar Date Order or any order to be entered by the Bankruptcy Court setting a

bar date for the other Debtors), the Bar Date Notice or any approved proof of claim form that

otherwise would require PBGC to file separate proofs of claim against each of the Seller

Debtors, it is expressly agreed herein that the filing of consolidated Proofs of Claim by PBGC on

its own behalf or on behalf of the Pension Plan in the Lead Case shall be deemed filed by PBGC

in the Lead Case and in each of the Debtors' chapter 11 cases being jointly administered under

the Lead Case; provided that such Proofs of Claim shall set forth in reasonable detail the basis

and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the

Bankruptcy Rules and any applicable order of the Bankruptcy Court.  Notwithstanding the

foregoing, nothing herein shall affect PBGC's obligation to file with the Proofs of Claim

documents evidencing the basis and amount of claims asserted against each Debtor.

8.        This Stipulation and Order is intended solely for the purpose of administrative

convenience and shall not affect the substantive rights of the Debtors, PBGC or any other party

in interest with respect to PBGC's claims, including, without limitation, the allowance, amount, enforceability or priority of PBGC's claims, or any objection, defense, offset, or counterclaim with respect thereto. For the avoidance of doubt, this Stipulation and Order is without prejudice to the right of any party to object to PBGC's claims on any basis other than the consolidation provided for in this Stipulation and Order, or to seek to disallow and/or expunge all or any portion of PBGC's claims.

9. The terms of this Stipulation and Order also shall apply to any amendments that PBGC may make with respect to any timely-filed Proofs of Claim against any of the Debtors.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation and Order.

11. This Stipulation and Order contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Order.

12. The undersigned counsel hereby attest that they are duly authorized by their respective clients to enter into this Stipulation and Order.

13. This Stipulation and Order may be changed, modified, or otherwise altered in a writing executed by the Parties to this Stipulation and Order. Oral modifications are not permitted.

14. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order.

15. Nothing herein shall constitute an acknowledgement or finding as to whether the

Debtors are liable to PBGC, and all Parties reserve all rights with respect to the Debtors' liability to PBGC.

**SO STIPULATED**:

Dated: November 13, 2020

| | |
|---|---|
| **PENSION BENEFIT GUARANTY CORPORATION** | **SULLIVAN & CROMWELL LLP** |
| /s/ *Michael Baird* | */s/ Andrew G. Dietderich* |
| Charles L. Finke, Deputy General Counsel | Andrew G. Dietderich |
| Lori A. Butler, Assistant General Counsel | Brian D. Glueckstein |
| Michael Baird, Attorney | Alexa J. Kranzley |
| | Noam R. Weiss |
| Office of the General Counsel | SULLIVAN & CROMWELL LLP |
| 1200 K Street, NW | 125 Broad Street |
| Washington, D.C. 20005-4026 | New York, New York 10004-2498 |
| Tel.: (202) 326-4020, ext. 0000 | Tel.: (212) 558-4000 |
| Fax: (202) 326-4122 | Fax: (212) 558-3588 |
| E-mail: Baird.Michael@pbgc.gov | Email: dietdericha@sullcrom.com |
| | gluecksteinb@sullcrom.com |
| | kranzleya@sullcrom.com |
| | weissn@sullcrom.com |
| *Counsel for Pension Benefit Guaranty Corporation* | *Counsel to the Debtors* |

**SO ORDERED**

Dated:  November 25, 2020      **s/Michael E. Wiles**
    New York, New York      THE HONORABLE MICHAEL E. WILES
                                 UNITED STATES BANKRUPTCY JUDGE