**Hearing Date: January 26, 2021 at 11:00 a.m. (E.T.)**
**Objection Deadline: January 19, 2021 at 4:00 p.m. (E.T.)**

Andrew K. Glenn
David S. Rosner
Matthew B. Stein
Shai Schmidt
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

*Proposed Counsel to the Official Committee*
*of Equity Securities Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GARRETT MOTION INC., *et al.*,[1] | ) Case No. 20-12212 (MEW) |
| Debtors. | ) Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITIES
HOLDERS OF GARRETT MOTION INC. FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF COWEN AND COMPANY, LLC
AS INVESTMENT BANKER *NUNC PRO TUNC* TO DECEMBER 3, 2020**

The Official Committee of Equity Securities Holders (the "Equity Committee") of Garrett

Motion, Inc., *et al.* (collectively, the "Debtors"), appointed pursuant to section 1102(a) of title 11,

United States Code (the "Bankruptcy Code") in the above-captioned chapter 11 cases (the

"Chapter 11 Cases"), respectfully submits this application (the "Application") for entry of an order

(the "Order"), pursuant to Bankruptcy Code sections 328(a), 330 and 1103(a), Rules 2014 and

---

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189.  Due to the large number of
debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors and the
last four digits of their federal tax identification numbers is not provided herein. A complete list of such information
may be obtained on the website of the Debtors' proposed claims and noticing agent at
http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle,
Switzerland.

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1

and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules") substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Equity Committee to

employ and retain Cowen and Company, LLC ("Cowen") as its investment banker, *nun pro tunc*

to December 3, 2020. In support of this Application, the Equity Committee relies on the

declaration of Lorie R. Beers (the "Beers Declaration"), Managing Director and Group Head of

the Special Situations and Restructuring Group, attached hereto as **Exhibit B** and incorporated

herein by reference, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is

a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are sections 328(a), 330,

1102(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1 and 2016-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

1.      On September 20, 2020 (the "Petition Date"), each of the Debtors filed with this

Court a voluntary petition for relief under the Bankruptcy Code.

2.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the

date hereof, no trustee or examiner has been appointed in the Debtors' Chapter 11 Cases. Joint

administration of these Chapter 11 Cases was authorized by the Court by entry of an order on September 21, 2020 [Docket No. 27].

3.      On November 18, 2020, the U.S. Trustee appointed Gem Partners LP, S. Muoio & Company LLC, and Mountaineer Master Fund, Ltd. c/o Mountaineer Partners Management, LLC ("Mountaineer") as members of Equity Committee.  *See Notice of Appointment of Official Committee of Equity Securities Holders* [Docket No. 404].  The Equity Committee selected Mountaineer as Chairperson of the Equity Committee.

4.      On December 3, 2020, the Equity Committee selected Cowen as its investment banker in these Chapter 11 Cases (the "Selection Date").

### RELIEF REQUESTED

5.      By this Application, the Equity Committee seeks entry of the Proposed Order, pursuant to sections 328(a), 330 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1:

    a.  authorizing the employment and retention of Cowen as investment banker to the Equity Committee, to perform necessary services pertaining to the Chapter 11 Cases, *nunc pro tunc* to December 3, 2020.  Cowen's retention should be effective as of December 3, 2020 so that Cowen may be compensated for work performed on behalf of the Equity Committee after the Selection Date, but prior to the Court's consideration and approval of this Application;

    b.  approving the terms of Cowen's employment and retention, as memorialized in that certain engagement letter (the "Engagement Letter") attached as **Exhibit 1** to the Proposed Order, including the Fee and Expense Structure (defined herein) and the indemnification, contribution, reimbursement and related provisions set forth in the Engagement Letter;

    c.  modifying the timekeeping requirements of Local Rule 2016-1, General Order M-447 Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (the "Amended Guidelines"), the guidelines (the "Trustee Guidelines") of the Office of

the United States Trustee for Region 2 (the "U.S. Trustee") and any other applicable procedures and orders of the Court in connection with Cowen's engagement; and

d.  granting such other and further relief as is just and proper.

## BASIS FOR RELIEF

6.      The Equity Committee seeks to appoint Cowen as its investment banker in accordance with sections 328(a) and 1103 of the Bankruptcy Code.  Bankruptcy Code section 1103(a) provides that a committee may "select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a).  Bankruptcy Code section 328(a) provides, in pertinent part, that a committee "with the court's approval, may employ or authorize the employment of a professional person under section […] 1103 of this title, […] on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Thus, Bankruptcy Code section 328(a) permits the compensation of professionals on flexible terms that reflect the nature of the services provided and market conditions.  Section 1103, in turn, requires that a professional employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case."  11 U.S.C. § 1103(b).

7.      Section 328 of the Bankruptcy Code permits the compensation of professionals, including investment bankers, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been

4

done.  That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

8.    *Id*. at 862 (citations omitted), cited in *Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. 869, 874 (S.D.N.Y. 2008).   Owing to this inherent uncertainty, courts have approved similar arrangements that contain reasonable terms and conditions under section 328 of the Bankruptcy Code.

9.    Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended section 328(a) of the Bankruptcy Code to read as follows:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a) (amendment emphasized).  This change makes clear that the Equity Committee is able to retain a professional on a fixed or percentage fee basis, such as the Fee and Expense Structure, with bankruptcy court approval.

10.    The Equity Committee believes that terms of the Engagement Letter appropriately account for the nature and scope of services that Cowen will be providing, Cowen's substantial experience providing investment banking services, and the fee and expense structures typically utilized by Cowen and other leading investment bankers that do not bill their clients on an hourly basis.  Similar fixed and contingency fee arrangements have been approved and implemented by courts in other large chapter 11 cases.

## COWEN'S QUALIFICATIONS

11. In light of the size and complexity of these chapter 11 cases, the Equity Committee requires a qualified and experienced investment banker and financial advisor like Cowen, with the resources, capabilities and experience to assist it in pursuing one or more transactions that are crucial to assure the success of the Debtors' cases.

12. Cowen is a full services brokerage, investment and financial advisory firm involved in a wide range of investment banking and other activities, including without limitation, investment management, corporate financing, and securities issuing, trading, research, and financial advising. Cowen is a subsidiary of the Cowen Group, a public company traded on the NASDAQ with an equity market capitalization of approximately $830 million as of December 10, 2020 (NASDAQ: COWN).

13. Cowen has a dedicated restructuring investment banking group with extensive experience advising corporations, creditors' committees and other constituents in complex situations involving underperforming or unsuitably capitalized businesses facing difficult financing conditions, liquidity crises, out-of-court restructurings or bankruptcy cases.

14. Cowen professionals have experience in large and complex bankruptcy cases, representing various parties in interest. Cowen professionals have significant experience in marketing distressed businesses for recapitalization or sale, and have consummated numerous restructuring and distressed sales transactions, including pursuant to section 363 of the Bankruptcy Code. Moreover, Cowen has extensive experience in providing investment banking services in the next generation automotive sector. Such experience includes providing general financial advisory services and being involved as restructuring investment banking advisors with respect to the raising of sale of company or assets, in-court restructurings, out-of-court restructurings, DIP

6

financings, and amendments, consents and exchange offers.  Past bankruptcy engagements of Cowen (and its professionals) as financial advisor and/or investment banker include, among others: *In re Mishti Holdings, LLC*, No. 19-11813 (CSS) (Bankr. D. Del. Dec. 16, 2019) (advising Debtors) [Docket No. 333]; *In re Sienna Biopharmaceuticals, Inc.*, No. 19-12051 (MFW) (Bankr. D. Del. Oct. 15, 2019) (advising Debtor) [Docket No. 122]; *In re Jagged Peak Canada, Inc.* No. 20-12599 (MKN) (Bankr. D. Nev. Sept. 16, 2019) (advising debtor); *In re TradeGlobal LLC*, No. 19-15960 (MKN) (Bankr. D. Nev. Sept. 16, 2019) (advising debtor); *In re PhaseRx, Inc.,* No. 17-12890 (CSS) (Bankr. D. Del. Dec. 11, 2017); *In re Atoptech, Inc.,* No. 17-10111 (MFW) (Bankr. D. Del.  Jan 13, 2017) (advising debtor); *In re Xtera Communications, Inc.* No. 16-12577 (KJC) (Bankr. D. Del. Nov. 15, 2016) (advising debtor); *In re Bind Therapeutics, Inc.* No. 16-11084 (BLS)(Bankr. D. Del. May 26, 2016) (advising Debtor) [Docket No. 165]; *In re Wire Company Holdings, Inc.*, No. 15-12097 (LSS)(Bankr. D. Del. Nov. 24, 2015) (advising Debtors) [Docket No. 114]; *In re Premier Exhibitions Inc.,* No. 16-2230 (PMG) (Bankr. M.D. Fla. June 14, 2016) (advising Official Committee of Equity Security Holders); *In re: PG&E Corporation* No. 19-30088 (DM)(Bankr. N.D. Cal. Jan 29, 2019)(advising the Official Committee of Tort Claimants). In addition to the foregoing, Cowen has relevant industry expertise in the automotive technology sector working with, among others:  Fisker, VectoIQ and Nikola Motor Corporation.  Besides its bankruptcy and automotive technology engagements, Cowen's Private Capital Solutions group has arranged numerous debt placements, including Revolvers/ABLs, term loans, high yield debt and equity financings for clients in the industrial and emerging sciences spaces.

15.    Accordingly, Cowen has the necessary background and relevant experience required in order to serve as the Equity Committee's investment banker in these Cases.

## SCOPE OF SERVICES

16.     As provided in the Engagement Letter, Cowen has agreed it will assist the Equity Committee in evaluating the Debtors' financial condition and restructuring plan and assisting the Equity Committee's legal counsel in representing the Equity Committee's interests.  Cowen shall perform the following services on behalf of the Equity Committee:

a. assist the Equity Committee in evaluating the assets and liabilities of the Debtors;

b. assist the Equity Committee in reviewing and analyzing the financial and operating statements of the Debtors;

c. assist the Equity Committee in reviewing and analyzing the business plans and forecasts of the Debtors;

d. assist the Equity Committee in evaluating the Debtors' liquidity, including financing alternatives;

e. provide valuation or other financial analyses as the Equity Committee may reasonably request;

f. assist the Equity Committee in analyzing the debt capacity of the Debtors;

g. assist the Equity Committee in determining an appropriate capital structure for the Debtors;

h. assist the Equity Committee in evaluating recapitalization alternatives for the Debtors;

i. assist the Equity Committee in analyzing any proposed Sale;

j. if requested by the Equity Committee, represent the Equity Committee in negotiations with the Debtors and other parties in interest;

k. assist the Equity Committee in evaluating debtor-in-possession and exit financing alternatives;

l. assist the Debtors in identifying and evaluating parties that may be interested in a Financing at the request of the Equity Committee;

m. assist the Equity Committee in evaluating any KEIP, KERP, LTIP or any similar management incentive/retention program;

n.  if reasonably requested by the Equity Committee, submit affidavits or expert reports, appear in the Bankruptcy Court and/or offer testimony in connection with the Chapter 11 Cases;

o.  assist the Equity Committee in exploring and evaluating financing options/opportunities for the Debtors;

p.  if requested by the Equity Committee, attend meetings among the Equity Committee, the Debtors and other Stakeholders and advise the Equity Committee in connection therewith; and

q.  render such other financial advisory services as may from time to time be agreed upon by Cowen and the Equity Committee.

17.  Importantly, the services that Cowen shall provide the Equity Committee are separate and distinct from the services that MAEVA Group, LLC ("MAEVA") will render to the Equity Committee.  To ensure there is no unnecessary duplication of services by Cowen and MAEVA during the term Cowen's engagement, Cowen shall coordinate with MAEVA on the services to be provided to the Equity Committee.  At the Equity Committee's request, representatives of Cowen and MAEVA shall meet to address an appropriate and efficient division of responsibilities as the need arises.

18.  The Equity Committee requires the professional services and expertise of Cowen to assist the Equity Committee in fulfilling its role in these cases and its efforts to maximize the value of the Debtors' estates.  Cowen will coordinate with the Equity Committee's other retained professionals to avoid the unnecessary duplication of services.

**COWEN'S DISINTERESTEDNESS**

19.  The Equity Committee attaches the Beers Declaration, which discloses, among other things, any relationship that Cowen has with the Debtors, their significant creditors, or other significant parties-in-interest known to Cowen.

20.  As set forth on **Schedule 1** and **Schedule 2** to the Beers Declaration, which is attached hereto as **Exhibit B**, in support of this Application, Cowen has completed conflict reviews

9

for the following categories of people and entities: (1) the Debtors, (2) non-Debtor affiliates, (3) Administrative Agents and Indenture Trustees; (4) Bidders; (5) Cash Management Banks; (6) Contract Counterparties; (7) Credit Agreement Parties; (8) Equity Committee Members; (9) Major Customers; (10) Directors and Officers; (11) Non-D&O Employees in US; (12) Major Equity Holders; (13) Factoring Lenders; (14) Lenders; (15) Hedging Parties; (16) Indemnification Agreement Parties; (17) Insurers; (18) Lease Counterparties; (19) Litigation Parties; (20) Noteholders; (21) Other Unsecured Creditors; (22) Professionals; (23) JV Partners and Other Related Parties; (24) Bankruptcy Judges for the Southern District of New York; (25) Tax Authorities and Regulators; (26) UCC Lienholders; (27) Unions and Work Councils; (28) Employees of the United States Trustee for the Southern District of New York; (29) Utilities; and (30) Major Vendors.  In addition, as set forth in the Beers Declaration, upon provision of any additional parties-in-interest list to Cowen, Cowen will provide a supplemental declaration to the Court as appropriate.

21.    The Equity Committee understands that, to the best of Cowen's and Ms. Beers' knowledge, information and belief, Cowen, including its affiliates, officers, directors, employees and controlling persons, do not represent an entity holding an adverse interest in connection with these Chapter 11 Cases and meet the requirements for employment by the Equity Committee as set forth in Section 1103(b) of the Bankruptcy Code.  Furthermore, the Beers Declaration states that Cowen is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code.

22.    To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Cowen's retention are discovered or arise, Cowen will use

10

reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## RETENTION TERMS

### A.    Professional Compensation.

23.    Cowen's Engagement Letter, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, provides for the following compensation structure (the "Fee and Expense Structure"). The Equity Committee has agreed that Cowen shall be paid the following non-refundable cash fees from the Debtors:

a. **Initial Fee**.  A non-refundable fee of U.S. $250,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of the Engagement Letter (an "Initial Fee").

b. **Monthly Fee**.  A non-refundable fee of U.S. $150,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of the Engagement Letter, on every monthly anniversary of the Engagement Letter (a "Monthly Fee").  The Monthly Fee for the month of December 2020 shall be payable *pro rata* such that we shall not be paid for the first [] days of the month.

c. **Financing Fee**.  Only if, and to the extent, a Financing consisting of $800 million of preferred equity and $1.5 billion of senior indebtedness (or any such other amount(s) which is agreed to by the Equity Committee) that Cowen arranges (the "Target Financing Amount") is procured or facilitated by Cowen, a non-refundable fee payable at each closing of such Financing equal to the applicable percentage set forth below of the gross proceeds and/or aggregate principal amount (as applicable) of such Financing irrevocably committed or funded in connection with such Financing (whether or not actually drawn) (a "Financing Fee"):

- 1.5% for all  debt senior to the preferred equity (collectively, "Senior Debt") subject to a cap amount of $25 million;

- 4.0% for equity or equity-linked securities (including, but not limited to, preferred securities and convertible notes) ("Equity-Linked Securities");

11

provided, however, that if such (i) financing is obtained from a party previously identified by the Equity Committee,[2] such fees shall be reduced by 40%, (ii) Equity-Linked Securities are given in exchange to satisfy the claims of an existing creditor, no such fees shall be payable and/or (iii) the Target Financing Amount is procured by Cowen at a time that the Debtors have already obtained a committed plan, sale or recapitalization that offers a higher and better value to shareholders of Garrett Motion, Inc. than the Target Financing Amount, then no such Financing Fees shall be payable.

d. **Restructuring Fee**.   A fee equal to U.S. $2,250,000 payable upon the consummation of a Restructuring (a "Restructuring Fee").

e. **Sale Fee**.  Only if, and to the extent, a Sale is facilitated or negotiated by the Equity Committee, a fee payable upon consummation of such Sale, equal to $2,250,000 (a "Sale Fee").  The Sale Fee shall be credited to the Restructuring Fee, if any, set forth above.

f. **Out-of-Pocket Expenses**.  Subject to any applicable order of the Bankruptcy Court, Cowen shall be entitled to reimbursement for its documented reasonable out-of-pocket expenses (including travel and lodging, data processing and communications charges, courier services, information sources and reports and other appropriate expenditures) and any documented reasonable out-of-pocket expenses for fees and expenses of Cowen's outside counsel, if any.

24.     The Equity Committee understands that Cowen intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines, and any other applicable procedures and orders of the Court, including any order granting this Application (to the extent compliance is not waived).

25.     However, because (a) it is not the general practice of investment banking firms such as Cowen to keep detailed time records similar to those customarily kept by attorneys, (b) Cowen does not ordinarily keep time records on a "project category" basis, and (c) Cowen's compensation is based on a fixed Monthly Fee and fixed transaction fees, the Equity Committee respectfully

---

[2]     These entities are:  Temasek, Atlantic Park, American Industrial Partners, CPPIB, Entrust, and Blackstone (Hedge Fund Solutions group only).

requests that Cowen's restructuring professionals only be required to maintain records (in summary format) of the services rendered for the Equity Committee, including summary descriptions of those services, the approximate time expended in providing those services in half-hour increments, and the identity of the restructuring professionals who provided those services. Cowen will present such records to the Court in its fee application(s). Moreover, the Equity Committee respectfully requests that Cowen's non-restructuring professionals and personnel in administrative departments (including legal) not be required to maintain any time records and that it not be required to provide or conform to any schedule of hourly rates. To the extent that Cowen would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines, or other applicable procedures and orders of the Court, the Equity Committee respectfully requests that this Court waive such requirements.

26.     Cowen will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 Cases. In the event that Cowen seeks reimbursement for attorneys' fees during the term of these Chapter 11 cases, Cowen will include the applicable invoices and supporting time records from such attorneys in Cowen's own application, both interim and final. Such invoices and time records will be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

27.     The Equity Committee understands the Fee and Expense Structure is consistent with, and typical of, compensation arrangements entered into by Cowen and other comparable

13

firms in connection with the rendering of similar services under similar circumstances, both in and out of bankruptcy proceedings. The Equity Committee also believes that the Fee and Expense Structure reflects a balance between a fixed, monthly fee, and a contingency amount, which is tied to the consummation and closing of the transactions and services contemplated by the Equity Committee and Cowen in the Engagement Letter. After discussions and arm's-length negotiations, the Equity Committee believes that the Fee and Expense Structure is reasonable, market-based and designed to compensate Cowen fairly for its work.

28. The Proposed Order provides that Cowen shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 291].

**B.    Indemnification.**

29. As part of the overall compensation payable to Cowen under the terms of the Engagement Letter, the Equity Committee has agreed to certain indemnification and contribution provisions described in the Engagement Letter (the "Indemnification Provisions"). As more fully set forth in the Engagement Letter, the Indemnification Provisions provide that the Debtors will indemnify and hold harmless Cowen or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (Cowen and each such person and entity being referred to as an "Indemnified Person"), should such Indemnified Person become involved in any capacity in any claim, action, proceeding or investigation brought by or against any person

in connection with or as a result of Cowen's engagement by the Equity Committee pursuant to the Engagement Letter.

30.    The Debtors shall furthermore periodically advance to Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal fees; *provided however*, that if any loss, claim, judgment, damage or a liability of an Indemnified Person in performing services on behalf of the Equity Committee is a result of the gross negligence or willful misconduct of such Indemnified Person, then the Indemnified Person must repay the advanced amounts connected to such act following the entry of a non-appealable judgment.  The Equity Committee and Cowen believe that the Indemnification Provisions, as modified by the Proposed Order, are customary and reasonable for firms providing the services for which Cowen is proposed to be retained hereunder.

31.    The terms of the Engagement Letter, including the Indemnification Provisions, were fully negotiated between the Equity Committee and Cowen at arm's length, and the Equity Committee respectfully submits that the Indemnification Provisions are customary, reasonable and in the best interests of the Debtors, their estates and creditors.  Accordingly, the Equity Committee respectfully requests that the Court approve the Indemnification Provisions as set forth in the Engagement Letter.

### NO PRIOR REQUEST

32.    No prior application for the relief requested herein has been made to this or any other court.

### NOTICE

33.    Notice of this Application has been provided in accordance with the procedures set for in the Order Implementing Certain Notice and Case Management Procedures [Docket No. 475]. Pursuant to the Case Management Procedures, notice of this Application has been given to: (a) the office of the United States Trustee; (b) Debtors' counsel; (c) counsel to the Official Committee of

Unsecured Creditors; and (d) all other persons who have requested notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested, the Equity Committee respectfully submits that such notice is sufficient and that no further notice of the relief requested in this Application needs to be provided to any other party.

## CONCLUSION

WHEREFORE, the Equity Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 5, 2021
    New York, New York

**KASOWITZ BENSON TORRES LLP**

*/s/ Matthew B. Stein*
Andrew K. Glenn
David S. Rosner
Matthew B. Stein\
Shai Schmidt
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
AGlenn@kasowitz.com
DRosner@kasowitz.com
MStein@kasowitz.com
Sschmidt@kasowitz.com

*Proposed Counsel for the Official Committee of Equity Securities Holders*

16

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GARRETT MOTION INC., *et al.*,[1] | ) | Case No. 20-12212 (MEW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**COWEN AND COMPANY, LLC AS INVESTMENT BANKER FOR**
**THE OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS OF**
**GARRET MOTION INC. *NUNC PRO TUNC* TO DECEMBER 3, 2020**

Upon consideration of the Application (the "Application") of the Official Committee of

Equity Securities Holders (the "Equity Committee") of Garret Motion Inc., *et al.* (collectively, the

"Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections

328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an

order:   (a) authorizing the Equity Committee to employ and retain Cowen and Company

("Cowen") as the Equity Committee's investment banker, *nunc pro tunc* to December 3, 2020; (b)

approving the provisions of the Engagement Letter, including the compensation arrangements and

indemnification, contribution and reimbursement provisions set forth therein; (c) modifying the

timekeeping requirements of Local Rule 2016-1, General Order M-447 Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

(the "Amended Guidelines"), the guidelines (the "Trustee Guidelines") of the U.S. Trustee and

---

[1]     The last four digits of Garrett Motion Inc.'s tax identification number are 3189.  Due to the large number of
debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors and the
last four digits of their federal tax identification numbers is not provided herein. A complete list of such information
may be obtained on the website of the Debtors' proposed claims and noticing agent at
http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle,
Switzerland.

any other applicable procedures and orders of the Court in connection with Cowen's engagement; and (d) granting such other relief as is just and proper; and upon the Declaration of Lorie R. Beers (the "Beers Declaration"), Managing Director and Group Head of the Special Situations and Restructuring Group, which was filed with the Court as **Exhibit B**, respectively, to the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration,[2] that (i) Cowen does not hold or represent any interest adverse to the Debtors' estates, and (ii) Cowen is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application, and the Beers Declaration; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1.     The Application is granted and the provisions set forth in the Engagement Letter (and all attachments thereto) attached hereto as **Exhibit 1** are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

---

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2

2.      In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Equity Committee is authorized to employ and retain Cowen as its investment banker in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, and the Debtors are authorized to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Cowen on the terms and at the times specified in the Engagement Letter as modified herein, effective as of December 3, 2020.

3.      Cowen shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Cowen, including without limitation the Monthly Fee, the Restructuring Fee and/or the Sale and Financing Fees, shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

4.      Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Cowen shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court; provided, however, that the United States Trustee retains all rights to respond or object to the reasonableness of Cowen's interim and final applications for compensation (including without limitation the Monthly Fee, the Restructuring Fee and/or the Sale and Financing Fees) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the United States Trustee's response or objection to the reasonableness of Cowen's interim and final fee applications pursuant to section 330 of the Bankruptcy Code.

3

5.       Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines and any other procedures or orders of the Court are hereby modified such that Cowen's restructuring professionals shall be required only to keep summary time records in half-hour increments, Cowen's non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, and Cowen shall not be required to provide or conform to any schedule of hourly rates.

6.       In the event that Cowen seeks reimbursement from the Debtors for its attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Cowen's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 1103 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7.       The Indemnification Provisions included in Schedule I to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

     a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with Cowen's performance of the services described in the Engagement Letter;

     b. All requests by Indemnified Persons for the payment of indemnification as set forth in the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such

4

indemnity conforms to the terms of the Engagement Letter; *provided, however*, that in no event shall any Indemnified Person be indemnified to the extent that a court determined by final order that such person acted in its own bad-faith, self-dealing, or breach of fiduciary duty (if any), gross negligence, or willful misconduct;

c. In no event shall any Indemnified Person be indemnified to the extent the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Person's own bad-faith, self-dealing, or breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

d. If, during these chapter 11 cases, an Indemnified Person seeks indemnity, contribution or reimbursement and the Indemnification Provisions are found to be unenforceable pursuant to subparagraphs (b) and (c) above (that is, on the grounds of the Indemnified Person's bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct) with respect to such request, then the requirement that the Debtors indemnify the Indemnified Persons for actions that arise out of their exclusive or contributory negligence shall have no force and effect.

8. For the avoidance of doubt, under no circumstances shall any of the compensation, expense reimbursement obligations, or indemnification approved by the Court be an obligation of, or paid by, the Equity Committee or any of its members or professionals.

9. Cowen shall use its reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

10. The Equity Committee and Cowen are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry

5

12.     Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

13.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

Dated: _____, 2021
          New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Engagement Letter

# COWEN

December 30 2020

Official Committee of Equity Securities Holders of Garrett Motion, Inc.
Attention: Kasowitz Benson Torres LLP c/o Mr. Andrew Glenn
1633 Broadway
New York, NY 10019

Ladies and Gentlemen:

This letter will confirm our understanding that Cowen and Company, LLC ("Cowen" or "we") has been engaged to act as investment banker to the Official Committee of Equity Securities Holders (the "Committee") and to advise the Committee in connection with any Financing, Restructuring, and/or Sale transaction (each as defined below) of Garrett Motion Inc. (together with certain direct or indirect subsidiaries that are debtors in the Chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York, the "Debtors," the "Chapter 11 Cases" and the "Bankruptcy Court," respectively) on the terms and conditions set forth herein (the "Agreement").

1.   **Definitions**

**Financing**. The term "Financing" shall mean a capital raise by the Debtors from one or more investors, lenders, or other financing sources (each, an "Investor"), through the issuance, sale and/or placement of newly issued or treasury equity, equity-linked or debt securities, and/or other instruments or obligations of the Debtors with one or more Investors in connection with the Chapter 11 Cases, including, without limitation, a "debtor-in-possession financing" or "exit financing."

**Restructuring**. The term "Restructuring" shall mean any restructuring, reorganization and/or recapitalization of all or a substantial portion of the Debtors' outstanding indebtedness, liabilities and preferred equity, if any (including, without limitation, bank debt, bond debt, and other on and off balance sheet indebtedness and liabilities) (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations (collectively, the "Stakeholders"); rescheduling of maturities of Existing Obligations; repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity or debt; an exchange offer involving the issuance of new securities or indebtedness in exchange for Existing Obligations; and/or other material modifications or amendments to the Existing Obligations, in each case as part of a plan of reorganization in the Chapter 11 Cases.

**Sale.** The term "Sale" shall mean whether or not in one transaction, or a series of related transactions and pursuant to Section 363 of the Bankruptcy Code:  (a) the disposition to one or more third-parties of all or a portion of the issued and outstanding equity securities or any other issued and outstanding securities of the Debtors by the existing securityholders of the Debtors; (b) an acquisition, merger, consolidation, or other business combination of which all or a portion of the business, assets or existing equity or securities of the Debtors are, directly or indirectly, sold or transferred to, or combined with, a third-party; (c) an acquisition, merger, consolidation, sale, or other business combination, including pursuant to a successful "credit bid"; and/or (d) the formation of a joint venture, partnership or similar entity, or any similar sale transaction.

# COWEN

2.  **Financial Advisory Services**
    Cowen agrees, in consideration of the compensation provided in Paragraph 4 below, to perform the following services, in each case under the direction of the Committee:

    a.   assist the Committee in evaluating the assets and liabilities of the Debtors;

    b.   assist the Committee in reviewing and analyzing the financial and operating statements of the Debtors;

    c.   assist the Committee in reviewing and analyzing the business plans and forecasts of the Debtors;

    d.   assist the Committee in evaluating the Debtors' liquidity, including financing alternatives;

    e.   provide valuation or other financial analyses as the Committee may reasonably request;

    f.   assist the Committee in analyzing the debt capacity of the Debtors;

    g.   assist the Committee in determining an appropriate capital structure for the Debtors;

    h.   assist the Committee in evaluating recapitalization alternatives for the Debtors;

    i.   assist the Committee in analyzing any proposed Sale;

    j.   if requested by the Committee, represent the Committee in negotiations with the Debtors and other parties in interest;

    k.   assist the Committee in evaluating debtor-in-possession and exit financing alternatives;

    l.   assist the Debtors in identifying and evaluating parties that may be interested in a Financing at the request of the Committee;

    m.   assist the Committee in evaluating any KEIP, KERP, LTIP or any similar management incentive/retention program;

    n.   if reasonably requested by the Committee, submit affidavits or expert reports, appear in the Bankruptcy Court and/or offer testimony in connection with the Chapter 11 Cases;

    o.   assist the Committee in exploring and evaluating financing options/opportunities for the Debtors;

    p.   if requested by the Committee, attend meetings among the Committee, the Debtors and other Stakeholders and advise the Committee in connection therewith; and

    q.   render such other financial advisory services as may from time to time be agreed upon by Cowen and the Committee.

It is expressly understood and agreed that Cowen is not undertaking to provide any advice relating to legal, regulatory, accounting, or tax matters. In furtherance thereof, the Committee acknowledges and agrees that (a) it has relied and will continue to rely on the advice of its own

2

# COWEN

legal, regulatory, accounting and tax advisors for all legal, regulatory, accounting and tax matters and (b) it, has not received, or has relied upon, the advice of Cowen or any of its affiliates regarding matters of law, regulation, accounting or taxation. Moreover, in performing its services pursuant to this Agreement, Cowen is not assuming any responsibility for the decision of the Committee or any other party to accept or not accept any proposed Financing, Restructuring, Sale or other transaction. Cowen is providing the Committee with Cowen's services hereunder as an independent contractor, and the parties agree that this Agreement does not create an agency or fiduciary relationship between Cowen, on the one hand, and the Committee and its members on the other hand. The Committee agrees that the advice rendered to it by Cowen may not be relied upon by any other person or entity or used for any purpose except as contemplated in this Agreement.

The Committee acknowledges that Cowen and its affiliates engage in a wide range of activities for their own accounts and the accounts of customers, including corporate finance, mergers and acquisitions, equity sales, trading and research, private equity, asset management and related activities ("Ordinary Course Activities"). Subject to the maintenance of an appropriate "wall" between those persons working on matters related to this Agreement and those persons engaged in Ordinary Course Activities, in connection with the latter Cowen and its affiliates and/or their respective employees, as well as investment funds in which any of them may have a financial interest, may at any time, directly or indirectly, hold long or short positions and may trade or otherwise effect transactions for their own accounts or the accounts of customers, in debt or equity securities, senior loans and/or derivative products relating to the Debtors or their affiliates, potential parties to any Financing, Restructuring, and Sale and their affiliates, or persons that are competitors, customers or suppliers of the Debtors ("Potentially Adverse Financial Interests"). In addition, as part of its Ordinary Course Activities, Cowen may have provided financial advisory or other investment banking services to a potential party in a Sale transaction and may have solicited a potential party in a Sale transaction for financial advisory and/or investment banking business (the provision of such past services, together with Potentially Adverse Financial Interests, "Potentially Adverse Interests"). Notwithstanding anything to the contrary in this Agreement, Cowen acknowledges and agrees that it (i) may be required to disclose its Potentially Adverse Interests, if any, in its Retention Application (as defined below); and (ii) shall follow the instructions of the Committee's counsel, Kasowitz Benson Torres LLP, as to which Potentially Adverse Interests, if any, must be disclosed in the Retention Application.

The services that Cowen is to provide the Committee are separate and distinct from the services that MAEVA Group, LLC ("MAEVA,") will be providing to the Committee. To ensure there is no unnecessary duplication of services by Cowen and MAEVA during the term of this Agreement, Cowen shall coordinate with MAEVA on the services to be provided to the Committee. At the Committee's request, representatives of Cowen and MAEVA shall meet to address an appropriate and efficient division of responsibilities as the need arises.

3. **Retention in Bankruptcy Court Proceedings**
   The Committee agrees that it will use its best efforts to obtain prompt authorization from the Bankruptcy Court to retain Cowen on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code (the "Retention Application"). Subject to being so retained, Cowen agrees that during the pendency of the Chapter 11 Cases, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of reasonable and documented fees and expenses payable to it under the terms of this Agreement pursuant to the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Bankruptcy Court. The Committee shall supply Cowen with a draft of the Retention Application and proposed retention order

3

# COWEN

authorizing Cowen's retention sufficiently in advance of the filing of the Retention Application and proposed order to enable Cowen and its counsel to review and comment thereon.  Cowen shall be under no obligation to provide any services under this Agreement unless Cowen's retention under the terms of this Agreement is approved under Section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order shall be reasonably acceptable to Cowen.  The Retention Application shall note that in so agreeing to seek Cowen's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that (i) Cowen's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Committee in evaluating any Restructuring, Financing or Sale; (ii) the value to the Committee of Cowen's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amounts of any deferred fees, including the Restructuring Fee, Financing Fee and Sale Fee (as defined below), if any, are reasonable regardless of the number of hours to be expended by Cowen's professionals in the performance of the services to be provided hereunder; and  (iii) the Restructuring Fee, Financing Fee and Sale Fee, if any, are not "bonuses" or fee enhancement under applicable law.

4.  **Fees**
    As compensation for its services under this engagement, and subject to the approval of the Bankruptcy Court, Cowen shall be paid the following cash fees by the Debtors:

    a.  **Initial Fee**.  A non-refundable fee of U.S. $250,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of this Agreement (an "Initial Fee").

    b.  **Monthly Fee**.  A non-refundable fee of U.S. $150,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of this Agreement, on every monthly anniversary of this Agreement (a "Monthly Fee").  The Monthly Fee for the month of December 2020 shall be payable *pro rata* such that we shall not be paid for the first [] days of the month.

    c.  Financing Fee Only if, and to the extent, a Financing consisting of $800 million of preferred equity and $1.5 billion of senior indebtedness (or any such other amount(s) which is agreed to by the Committee) that Cowen arranges (the "Target Financing Amount") is procured or facilitated by Cowen, a non-refundable fee payable at each closing of such Financing equal to the applicable percentage set forth below of the gross proceeds and/or aggregate principal amount (as applicable) of such Financing irrevocably committed or funded in connection with such Financing (whether or not actually drawn) (a "Financing Fee"):

        1.5% for all  debt senior to the preferred equity (collectively, "Senior Debt") subject to a cap amount of $25 million;

        4.0% for equity or equity-linked securities (including, but not limited to, preferred securities and convertible notes) ("Equity-Linked Securities");

        provided, however, that if such (i) financing is obtained from a party previously identified by the Committee, such fees shall be reduced by 40%, (ii) Equity-Linked Securities are given in exchange to satisfy the claims of an existing creditor, no such fees shall be payable and/or (iii) the Target Financing Amount is procured by Cowen at a time that the Debtors have already

4

# COWEN

obtained a committed plan, sale or recapitalization that offers a higher and better value to shareholders of Garrett Motion, Inc. than the Target Financing Amount, then no such Financing Fees shall be payable.

d. **Restructuring Fee**. A fee equal to U.S. $2,250,000 payable upon the consummation of a Restructuring (a "Restructuring Fee").

e. **Sale Fee**. Only if, and to the extent, a Sale is facilitated or negotiated by the Committee, a fee payable upon consummation of such Sale, equal to $2,250,000 (a "Sale Fee"). The Sale Fee shall be credited to the Restructuring Fee, if any, set forth above.

f. The Committee and Cowen acknowledge and agree that more than one fee may be payable to Cowen under Paragraphs 4(c), (d), and (e) above, in connection with any single transaction or series of transactions, it being understood and agreed that if more than one fee becomes so payable to Cowen, each such fee shall be paid to Cowen in accordance with Paragraphs 4(c), (d) and (e) (including the requirement that the Sale Fee, if any, be credited to the Restructuring Fee, if any).

g. If Cowen provides services to the Committee for which a fee is not provided herein, such services shall, except insofar as they are the subject of a separate agreement and subject to Bankruptcy Court's approval, be treated as falling within the scope of this Agreement.

h. Notwithstanding anything to the contrary herein, neither the Committee nor any of its members or advisors shall be responsible for the payment of the foregoing fees or Cowen's expenses (as provided below), which shall be owed and payable by the Debtors alone.

5. **Out-of-Pocket Expenses**
Subject to any applicable order of the Bankruptcy Court, Cowen shall be entitled to reimbursement for its documented reasonable out-of-pocket expenses (including travel and lodging, data processing and communications charges, courier services, information sources and reports and other appropriate expenditures) and any documented reasonable out-of-pocket expenses for fees and expenses of Cowen's outside counsel, if any.

6. **Term**
This Agreement shall automatically terminate on the earlier of (i) the dissolution of the Committee; or (ii) entry of a final order denying the retention of Cowen according to the terms of this Agreement. This Agreement may also be terminated by either party hereto upon thirty days' prior written notice of termination to the other party and without liability or continuing obligation to the Committee or Cowen, except (a) following any termination, Cowen shall remain entitled to any fees accrued on or prior to such time pursuant to Paragraph 4 but not yet paid prior to such termination and to reimbursement of reasonable and documented expenses pursuant to Paragraph 5 incurred prior to such termination and (b) in the case of termination by the Committee, Cowen shall remain entitled to full payment of all fees contemplated by Paragraph 4 in respect of any Financing, Restructuring and/or Sale for which a Financing Fee, Restructuring Fee or Sale Fee, as applicable, would otherwise be payable under Paragraph 4, announced or for which definitive documentation is executed (the "Trigger Date") during the period from the date hereof until twelve (12) months following such termination (the "Tail Period"); provided, however, that no fees under Paragraph 4 would be payable to Cowen unless such Financing, Restructuring or Sale, as applicable, is actually consummated (even if such consummation occurs after the Tail Period). Notwithstanding anything to the contrary herein, no Financing Fee, Restructuring Fee or

5

# COWEN

Sale fee would be payable to Cowen if the Committee terminates this Agreement prior to the Trigger Date because of Cowen's bad faith, gross negligence or willful misconduct in providing the services that are subject of this Agreement.

# COWEN

7. **Information**

The Committee shall use its reasonable and best efforts to furnish, or cause to be furnished, to Cowen such information as Cowen believes appropriate to its engagement hereunder (all such information, the "Information"), and the Committee shall use its reasonable and best efforts to ensure that all such Information is accurate and complete in all material respects.  The Committee will notify Cowen reasonably promptly of any change that may be material in such Information.

It is understood that Cowen will be entitled to rely on and use the Information and other information that is publicly available without independent verification, and will not be responsible in any respect for the accuracy, completeness or reasonableness of all such Information or to conduct any independent verification or any appraisal or physical inspection of properties or assets.

Cowen will assume that all financial forecasts have been reasonably prepared and reflect the best then currently available estimates and judgments of the Committee and Debtors' management as to the expected future financial performance of the Debtors.

Notwithstanding any of the foregoing, Cowen shall apprise the Committee of any circumstances that may impede Cowen's ability to advise the Committee on matters pertaining to the engagement hereunder, including, without limitation, the incompleteness of Information provided to Cowen by third parties and any time constraints dictated by the Chapter 11 Cases.

8. **Disclosure and Confidentiality**

The Committee acknowledges that all advice given by Cowen in connection with its engagement hereunder is solely for the benefit and use of the Committee (solely in its capacity as such) in evaluating matters relating to the Chapter 11 Cases.  The Committee agrees that, except as otherwise expressly provided herein, no such advice shall be used for any other purpose or be disclosed, reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose, nor shall any public references to Cowen be made by or on behalf of the Committee, in each case without Cowen's prior written consent.

Cowen, the Committee, members of the Committee, and the foregoing entities' officers, members, managers, employees, contractors, agents, representatives or affiliates, shall treat as confidential any proprietary or non-public information received from or on behalf of either party hereto (the "Disclosing Party"), the Debtors or any other party in the Chapter 11 Cases, whether orally or in writing ("Confidential Information"), and, except as provided in this Agreement, shall not publish, distribute or disclose Confidential Information in any manner to any third party, other than the Committee's advisors, without the Disclosing Party's prior written approval.  Notwithstanding the foregoing, either party hereto shall be permitted to disclose Confidential Information to the extent (a) the disclosure of such Confidential Information is required under applicable law, regulation, legal process, the order of a court or administrative agency, or under any lawful discovery rule, requirement or subpoena, provided, however, that to the extent lawful and practicable, the party that is under a legal obligation to disclose Confidential Information shall reasonably promptly give the Disclosing Party written notice and a reasonable opportunity to obtain a protective order or any other applicable legal remedy to prevent the disclosure of the Confidential Information, or (b) the Confidential Information is otherwise publicly available other than as a result of a breach of this Agreement.

Upon termination or expiration of this Agreement pursuant to Paragraph 6, Cowen shall promptly return any Confidential Information received from or on behalf of the Committee, the Debtors or any party in the Chapter 11 Cases, and destroy any copies of such documents or information,

7

# COWEN

except that Cowen may retain one copy of all information for internal recordkeeping purposes only.  Cowen and the Committee shall be entitled to enforce the provisions of this paragraph by obtaining specific or injunctive relief from a court, without the necessity of posting bond or proving lack of an adequate remedy at law, and without limitation of other remedies that may be available at law or in equity.  This Paragraph 8 shall survive the termination or expiration of this Agreement.

9. **No Third-Party Beneficiaries**
   The Committee acknowledges and agrees that Cowen has been retained to act as financial advisor to the Committee, and not as an advisor to or agent of any other person, and that the Committee's engagement of Cowen is not intended to confer rights upon any person not a party to this Agreement (including the Debtors) as against Cowen or its affiliates, or their respective directors, officers, employees or agents.

10. **Limitation of Liability; Indemnification**
    The Committee and Cowen agree to the provisions with respect to the indemnity obligations, limitation of liability provisions and related matters set forth in Schedule I, the terms of which are incorporated herein in their entirety (the "Indemnity Agreement").  The Indemnity Agreement shall survive termination of the Agreement.

11. **Publicity**
    The Committee acknowledges that upon each of public announcement and completion of a Financing, Restructuring and/or a Sale, Cowen may, at its own expense, place an announcement in such newspapers, periodicals, social media platforms, emails or other medium as it may choose, stating that Cowen has acted as financial advisor to the Committee in connection with such transaction.  If requested by Cowen, the Committee will include a reference to Cowen as its financial advisor in any press release or public announcement with respect to a Financing, Restructuring and/or Sale.

12. **Amendments and Successors**
    This Agreement may not be waived, amended, modified or assigned, in any way, in whole or in part, including by operation of law, without the prior written consent of the Committee and Cowen. The provisions of this Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Committee and Cowen.

13. **Entire Agreement**
    This Agreement constitutes the entire agreement between Cowen and the Committee, and supersedes any prior agreements and understandings, with respect to the subject matter of this Agreement.

14. **Interpretation**
    This Agreement was jointly drafted by Cowen and the Committee.  Any rule of law or statute or legal decision or common law principle that would require interpretation of any term or alleged ambiguity against the person or entity who drafted this Agreement does not apply and is hereby expressly waived and disclaimed by each of Cowen and the Committee.  Each of Cowen and the Committee had access to counsel in connection with the negotiation and drafting of this Agreement.

8

# COWEN

15. **No Brokers**

The Committee acknowledges and agrees that there are no brokers, agents, representatives or other parties that have an interest in compensation paid or payable to Cowen hereunder.

16. **Partial Unenforceability**

In case any provision of this Agreement shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

17. **Termination and Expiration**

Upon termination or expiration, this Agreement shall have no further force or effect, except as to Paragraphs 6, 8, 9, 10, 12, 14, 16, and 20, and the status of Cowen as an independent contractor, all of which shall survive any such termination or expiration of this Agreement.

18. **Notice**

All statements, requests, notices and agreements under this Agreement shall be in writing, and shall be delivered or sent by mail, facsimile transmission or email:

(a) if to Cowen, to Cowen and Company, LLC, 599 Lexington Avenue, New York, NY 10022, Attention: General Counsel, Fax: 646-562-1124, Bradley.friedman@cowen.com; and

(b) if to the Committee, to Official Committee of Equity Securities Holders of Garrett Motion, Inc. Attention: Kasowitz Benson Torres LLP, c/o Mr. Andrew Glenn, 1633 Broadway, New York, NY 10019.

Any such statements, requests, notices or agreements shall take effect at the time of receipt thereof.

19. **Counterparts**

Any number of counterparts of this Agreement may be executed by the parties hereto, each of which shall be an original instrument and all of which taken together shall constitute one and the same agreement. Delivery of a signed counterpart of this Agreement by email or facsimile transmission shall constitute effective delivery thereof.

20. **Governing Law and Jurisdiction**

This Agreement and any claim or dispute of any kind or nature whatsoever arising out of or in any way relating to this Agreement, directly or indirectly (including any claim concerning advice provided pursuant to this Agreement), shall be governed by and construed in accordance with the laws of the State of New York (without regard to conflicts of law principles). Cowen and the Committee irrevocably consent to the jurisdiction of the Bankruptcy Court and waive any objections as to venue or forum non-conveniens. **Any rights to trial by jury with respect to any claim or proceeding related to, or arising out of, this Agreement are waived by Cowen and the Committee.**

# COWEN

If the foregoing sets forth the understanding and agreement between Cowen and the Committee, please so indicate by signing below, whereupon this Agreement shall constitute a binding agreement as of the date hereof.

Very Truly Yours,

COWEN AND COMPANY, LLC

By:_____
Name:   Lorie R. Beers
Title:    Managing Director &
          Head of Special Situations Investment Banking

Agreed to and Accepted as of the date hereof

Official Committee of Equity Securities Holders of Garrett Motion Inc., *et al.*

By:_____
Name: Gregory S. Williams
Title: Partner  -  Mountaineer Partners

By:_____
Name:
Title:

By:_____
Name:
Title:

10

# COWEN

Schedule I

This Schedule is attached to, and constitutes a material part of, that certain Agreement (the "Agreement") dated as of December 30, 2020 between Cowen and Company, LLC ("Cowen") and the Official Committee of Equity Securities Holders of Garrett Motion Inc., *et al.* (the "Committee"). Unless otherwise noted, all capitalized terms used herein shall have the meanings set forth in the Agreement.

## A. Indemnification

In the event that Cowen or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons" and each, an "Indemnified Person") becomes involved in any capacity in any claim, action, proceeding or investigation (collectively, "Actions") brought by or against any person in connection with or as a result of Cowen's engagement by the Committee pursuant to the Agreement, the Debtors periodically will advance to the Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith; provided, however, that if it is finally found (in a non-appealable judgment) by a court of competent jurisdiction that any loss, claim, judgment, damage or liability of an Indemnified Person has resulted primarily from the gross negligence or willful misconduct of such Indemnified Person in performing the services on behalf of the Committee, such Indemnified Person shall repay such portion of the advanced amounts that is attributable to expenses incurred in relation to the act or omission of such Indemnified Person that is the subject of such non-appealable judgment. The Debtors also will indemnify and hold the Indemnified Persons harmless from and against any and all losses, claims, judgments, damages or liabilities to which such Indemnified Person may become subject under any applicable law, or otherwise, that is related to, arising out of, or in connection with Cowen's engagement pursuant to the Agreement and without regard to the exclusive or contributory negligence of any Indemnified Person except to the extent that it is finally found (in a non-appealable judgment) that any such loss, claim, damage of liability resulted primarily from the gross negligence, willful misconduct or bad faith of the Indemnified Persons in performing the services on behalf of the Committee.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought, such Indemnified Person shall promptly notify the Debtors in writing; provided that failure to so notify the Debtors shall not relieve the Debtors from any liability that the Debtors may have on account of this indemnity or otherwise, except to the extent the Debtors shall have been materially prejudiced by such failure. The Debtors shall, if requested by the Indemnified Person, assume the defense of any such Action, including the employment of counsel reasonably satisfactory to the Indemnified Person. An Indemnified Person may retain separate counsel to

11

# COWEN

represent it in the defense of any Action, which shall be at the expense of the Debtors, if (i) the Indemnified Party does not request the Debtors to assume the defense of any such Action or the Debtors do not assume the defense of the Action within a reasonable period of time after being requested to assume the defense of the Action, or (ii) the Indemnified Person is advised by counsel in writing that there is an actual or potential conflict in the Debtors' and the Indemnified Person's respective interests or additional defenses are available to the Indemnified Person, which makes representation by the same counsel inappropriate; provided, however, that in no event shall the Debtors be obligated to pay expenses for more than one counsel in any one jurisdiction for all Indemnified Persons in connection with any Action.

The reimbursement and indemnity obligations of the Debtors in this Schedule A shall (i) be in addition to any liability which the Debtors may otherwise have; (ii) extend upon the same terms and conditions to any affiliate of the Indemnified Persons; (iii) be binding upon and inure to the benefit of any successors, heirs and personal representatives of the Debtors, the Indemnified Persons, any such affiliate and any such person; (iv) apply to any services provided by Coen in connection with the engagement pursuant to the Agreement prior to the date hereof; and (v) survive the completion of the services described in, and any expiration or termination of the Agreement.

The Debtors shall not be required to indemnify an Indemnified Person for any amount paid or payable by the Indemnified Person in the settlement of any action, proceeding or investigation without the written consent of the Debtors, which consent shall not be unreasonably withheld.

## B. Limitation of Liability

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtors or its equity holders or creditors related to, arising out of, or in connection with, advice or services rendered or to be rendered by any Indemnified Person on behalf of the Committee as part of the engagement pursuant to the Agreement, the transactions contemplated in the Chapter 11 Cases or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except to the extent any loss, claim, judgment, damage or liability is finally found (in a non-appealable judgment) by a court of competent jurisdiction to have resulted from the Indemnified Person's gross negligence or willful misconduct.

12

**EXHIBIT B**

**Beers Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GARRETT MOTION INC., *et al.*,[1] | ) Case No. 20-12212 (MEW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

**DECLARATION OF LORIE R. BEERS IN SUPPORT OF**
**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITIES**
**HOLDERS OF GARRET MOTION INC. FOR AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF COWEN AND COMPANY, LLC**
**AS INVESTMENT BANKER *NUNC PRO TUNC* TO DECEMBER 3, 2020**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Lorie R. Beers, declare as follows:

1.      I am a Managing Director and Group Head of the Special Situations and

Restructuring Group of the investment banking firm Cowen and Company, LLC ("Cowen"),

which has its principal office at 599 Lexington Avenue, New York, New York 10022.  I am

authorized to execute this declaration on behalf of Cowen.  Unless otherwise stated, all matters

set forth in this declaration are based on my personal knowledge, my review of relevant

documents, information supplied to me by other professionals at Cowen, or my views, including

as based upon my experience and knowledge of the Debtors' business and financial condition.  If

I were called to testify, I would testify competently to the facts discussed herein.

---

[1]      The last four digits of Garrett Motion Inc.'s tax identification number are 3189.  Due to the large number of
debtor entities in these Chapter 11 Cases, which are being jointly administered, a complete list of the Debtors and the
last four digits of their federal tax identification numbers is not provided herein. A complete list of such information
may be obtained on the website of the Debtors' proposed claims and noticing agent at
http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle,
Switzerland.

2.      This declaration is being submitted in connection with the proposed employment and retention of Cowen as investment banker and financial advisor to the Official Committee of Equity Securities Holders to perform services as set forth in the *Application for Entry of an Order Authorizing the Employment and Retention of Cowen and Company, LLC, as Investment Banker Nunc Pro Tunc to* December 3, 2020 (the "Application").[2]  I submit this Declaration on behalf of Cowen in compliance with sections 328 and 1103 of the Bankruptcy Code and to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1.

### Cowen's Qualifications

3.      In light of the size and complexity of these Chapter 11 Cases, the Equity Committee requires a qualified and experienced investment banker and financial advisor like Cowen, with the resources, capabilities and experience to assist them in pursuing one or more transactions that are crucial to assure that the Equity Committee fulfills its statutory duties in these Chapter 11 Cases.

4.      Cowen is a full services brokerage, investment and financial advisory firm involved in a wide range of investment banking and other activities, including without limitation, investment management, corporate financing, and securities issuing, trading, research, and financial advising. Cowen is a subsidiary of the Cowen Group, a public company traded on the NASDAQ with an equity market capitalization of approximately $830 million as of December 10, 2020 (NASDAQ: COWN).

5.      Cowen has a dedicated restructuring investment banking group with extensive experience advising corporations, creditors' committees and other constituents in complex

---

[2]      Terms not defined herein shall have the same meaning ascribed to them as in the Application,

2

situations involving underperforming or unsuitably capitalized businesses facing difficult financing conditions, liquidity crises, out-of-court restructurings or bankruptcy cases.

6.    Cowen professionals have experience in large and complex bankruptcy cases, representing various parties in interest.  Cowen professionals have significant experience in marketing distressed businesses for recapitalization or sale, and have consummated numerous restructuring and distressed sales transactions, including pursuant to section 363 of the Bankruptcy Code.  Moreover, Cowen has extensive experience in providing investment banking services in the next generation automotive sector.  Such experience includes providing general financial advisory services and being involved as restructuring investment banking advisors with respect to the raising of sale of company or assets, in-court restructurings, out-of-court restructurings, DIP financings, and amendments, consents and exchange offers.  Past bankruptcy engagements of Cowen (and its professionals) as financial advisor and/or investment banker include, among others: *In re Mishti Holdings, LLC*, No. 19-11813 (CSS) (Bankr. D. Del. Dec. 16, 2019) (advising Debtors) [Docket No. 333]; *In re Sienna Biopharmaceuticals, Inc.*, No. 19-12051 (MFW) (Bankr. D. Del. Oct. 15, 2019) (advising Debtor) [Docket No. 122]; *In re Jagged Peak Canada, Inc.* No. 20-12599 (MKN) (Bankr. D. Nev. Sept. 16, 2019) (advising debtor); *In re TradeGlobal LLC*, No. 19-15960 (MKN) (Bankr. D. Nev. Sept. 16, 2019) (advising debtor); *In re PhaseRx, Inc.,* No. 17-12890 (CSS) (Bankr. D. Del. Dec. 11, 2017); *In re Atoptech, Inc.,* No. 17-10111 (MFW) (Bankr. D. Del.  Jan 13, 2017) (advising debtor); *In re Xtera Communications, Inc.* No. 16-12577 (KJC) (Bankr. D. Del. Nov. 15, 2016) (advising debtor); *In re Bind Therapeutics, Inc.* No. 16-11084 (BLS)(Bankr. D. Del. May 26, 2016) (advising Debtor) [Docket No. 165]; *In re Wire Company Holdings, Inc.*, No. 15-12097 (LSS)(Bankr. D. Del. Nov. 24, 2015) (advising Debtors) [Docket No. 114]; *In re Premier Exhibitions Inc.,* No. 16-2230 (PMG) (Bankr. M.D. Fla. June 14, 2016)

3

(advising Official Committee of Equity Security Holders); *In re: PG&E Corporation* No. 19-30088 (DM)(Bankr. N.D. Cal. Jan 29, 2019)(advising the Official Committee of Tort Claimants). In addition to the foregoing, Cowen has relevant industry expertise in the automotive technology sector working with, among others:  Fisker, VectoIQ and Nikola Motor Corporation.  Besides its bankruptcy and automotive technology engagements, Cowen's Private Capital Solutions group has arranged numerous debt placements, including Revolvers/ABLs, term loans, high yield debt and equity financings for clients in the industrial and emerging sciences spaces.

7.    Accordingly, Cowen has the necessary background and relevant experience required in order to serve as the Equity Committee's investment banker in these Cases.

## Professional Compensation

8.    In consideration of the services to be provided by Cowen, subject to the Court's approval, the Debtors and Cowen have agreed on the proposed compensation set forth in the Engagement Letter (the "Fee and Expense Structure"), which may be summarized in relevant part as follows:

a. **Initial Fee**.  A non-refundable fee of U.S. $250,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of the Engagement Letter (an "Initial Fee").

b. **Monthly Fee**.  A non-refundable fee of U.S. $150,000 shall be payable upon Court approval of the Retention Application and in accordance with any applicable orders of the Bankruptcy Court, *nunc pro tunc* to the execution of the Engagement Letter, on every monthly anniversary of the Engagement Letter (a "Monthly Fee").  The Monthly Fee for the month of December 2020 shall be payable *pro rata* such that we shall not be paid for the first [] days of the month.

c. **Financing Fee**.  Only if, and to the extent, a Financing consisting of $800 million of preferred equity and $1.5 billion of senior indebtedness (or any such other amount(s) which is agreed to by the Equity Committee) that Cowen arranges (the "Target Financing Amount") is procured or facilitated by Cowen, a non-refundable fee payable at each closing of such Financing equal to the applicable percentage set forth below of the gross proceeds and/or aggregate principal amount (as applicable) of such Financing irrevocably committed or

4

funded in connection with such Financing (whether or not actually drawn) (a "Financing Fee"):

- 1.5% for all  debt senior to the preferred equity (collectively, "Senior Debt") subject to a cap amount of $25 million;

- 4.0% for equity or equity-linked securities (including, but not limited to, preferred securities and convertible notes) ("Equity-Linked Securities");

provided, however, that if such (i) financing is obtained from a party previously identified by the Equity Committee,[3] such fees shall be reduced by 40%, (ii) Equity-Linked Securities are given in exchange to satisfy the claims of an existing creditor, no such fees shall be payable and/or (iii) the Target Financing Amount is procured by Cowen at a time that the Debtors have already obtained a committed plan, sale or recapitalization that offers a higher and better value to shareholders of Garrett Motion, Inc. than the Target Financing Amount, then no such Financing Fees shall be payable.

d. **Restructuring Fee**.   A fee equal to U.S. $2,250,000 payable upon the consummation of a Restructuring (a "Restructuring Fee").

e. **Sale Fee**.  Only if, and to the extent, a Sale is facilitated or negotiated by the Equity Committee, a fee payable upon consummation of such Sale, equal to $2,250,000 (a "Sale Fee").  The Sale Fee shall be credited to the Restructuring Fee, if any, set forth above.

f. **Out-of-Pocket Expenses**.  Subject to any applicable order of the Bankruptcy Court, Cowen shall be entitled to reimbursement for its documented reasonable out-of-pocket expenses (including travel and lodging, data processing and communications charges, courier services, information sources and reports and other appropriate expenditures) and any documented reasonable out-of-pocket expenses for fees and expenses of Cowen's outside counsel, if any.

9.     Cowen intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines, the Amended Guidelines and any

---

[3]     These entities are:  Temasek, Atlantic Park, American Industrial Partners, CPPIB, Entrust, and Blackstone (Hedge Fund Solutions group only).

other applicable procedures and orders of the Court, including any order granting this Application (to the extent compliance is not waived).

10. I believe the Fee and Expense Structure is consistent with, and typical of, compensation arrangements entered into by Cowen and other comparable firms in connection with the rendering of similar services under similar circumstances, both in and out of bankruptcy proceedings. I also believe that the Fee and Expense Structure reflects a balance between a fixed, monthly fee, and a contingency amount, which is tied to the consummation and closing of the transactions and services contemplated by the Equity Committee and Cowen in the Engagement Letter. After discussions and arm's-length negotiations with the Equity Committee, I believe that the Fee and Expense Structure is reasonable, market based and designed to compensate Cowen fairly for its work.

### Record Keeping and Applications for Compensation

11. Because (a) it is not the general practice of investment banking firms such as Cowen to keep detailed time records similar to those customarily kept by attorneys; (b) Cowen does not ordinarily keep time records on a "project category" basis; and (c) Cowen's compensation is based on a fixed Monthly Fee and fixed transaction fees, I respectfully request that only Cowen's restructuring professionals be required to maintain records (in summary format) of the services rendered for the Equity Committee, including summary descriptions of those services, the approximate time expended in providing those services in half-hour increments, and the identity of the restructuring professionals who provided those services. Cowen will present such records to the Court in its fee application(s). Moreover, I respectfully request that Cowen's non-restructuring professionals and personnel in administrative departments (including legal) not be required to maintain any time records and that they not be required to provide or conform to any

6

schedule of hourly rates.  To the extent that Cowen would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the Trustee Guidelines, or other applicable procedures and orders of the Court, I respectfully request that this Court waive such requirements.

12.     Cowen will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these Chapter 11 Cases. In the event that Cowen seeks reimbursement for attorneys' fees during the term of these Chapter 11 Cases, Cowen will include the applicable invoices and supporting time records from such attorneys in Cowen's own application, both interim and final.  Such invoices and time records will be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

13.     I believe the Fee and Expense Structure is consistent with, and typical of, compensation arrangements entered into by Cowen and other comparable firms in connection with the rendering of similar services under similar circumstances, both in and out of bankruptcy proceedings.  I also believe that the Fee and Expense Structure reflects a balance between a fixed, monthly fee, and a contingency amount, which is tied to the consummation and closing of the transactions and services contemplated by the Equity Committee and Cowen in the Engagement Letter.  After discussions and arm's-length negotiations with the Equity Committee, I believe that the Fee and Expense Structure is reasonable, market based and designed to compensate Cowen fairly for its work.

**Indemnification, Contribution and Reimbursement of Cowen**

14.     As part of the overall compensation payable to Cowen under the terms of the Engagement Letter, the Equity Committee has agreed to certain indemnification and contribution provisions described in the Engagement Letter (the "Indemnification Provisions").  As more fully set forth in the Engagement Letter, the Indemnification Provisions provide that the Debtors will indemnify and hold harmless Cowen or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (Cowen and each such person and entity being referred to as an "Indemnified Person"), should such Indemnified Person become involved in any capacity in any claim, action, proceeding or investigation brought by or against any person in connection with or as a result of Cowen's engagement by the Equity Committee pursuant to the Engagement Letter.

15.     The Debtors shall furthermore periodically advance to Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal fees; *provided however*, that if any loss, claim, judgment, damage or a liability of an Indemnified Person in performing services on behalf of the Equity Committee is a result of the gross negligence or willful misconduct of such Indemnified Person, then the Indemnified Person must repay the advanced amounts connected to such act following the entry of a non-appealable judgment.  The Equity Committee and Cowen believe that the Indemnification Provisions, as modified by the Proposed Order, are customary and reasonable for firms providing the services for which Cowen is proposed to be retained hereunder.

16.     The terms of the Engagement Letter, including the Indemnification Provisions, were fully negotiated between the Equity Committee and Cowen at arm's length, and the Equity Committee respectfully submits that the Indemnification Provisions are customary, reasonable

8

and in the best interests of the Debtors, their estates and creditors. Accordingly, the Equity Committee respectfully requests that the Court approve the Indemnification Provisions as set forth in the Engagement Letter.

### Efforts to Avoid Duplication of Services

17.     Cowen is mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Cowen's retention as investment banker.   Cowen will use its reasonable efforts to work cooperatively with any other professionals in these chapter 11 cases to integrate any respective work performed by those professionals.

### Cowen's Disinterestedness

18.     In connection with the preparation of this Declaration, Cowen conducted a review of the names of individuals and entities that may be parties in interest in these Chapter 11 Cases ("Potential Parties in Interest") reflected in **Schedule 1** attached to this Declaration.  Cowen's review consisted of queries of its "control room" that has access to a centralized database containing names of individuals and entities that are present or recent and former clients of Cowen and all of Cowen's affiliates, officers, directors, employees and controlling persons, to identify potential relationships with Potential Parties in Interest.  Specifically, the database permits Cowen to disclose connections across all of its affiliates, including its sales and trading operations, and includes engagement activity or potential engagement activity for at least the last three years.  Based on the results of this review, aside from those current relationships that Cowen, its professionals, and/or its affiliates were able to identify using their reasonable efforts as reflected in **Schedule 2** attached hereto, Cowen, its professionals and/or its affiliates do not have a relationship with any of the parties listed in **Schedule 1**.

9

19.    Furthermore, to the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, none of these representations are adverse to the Debtors' interests.

20.    Still, given the large number of parties-in-interest in these chapter 11 cases, despite the efforts to identify and disclose Cowen's relationships with parties-in-interest in these chapter 11 cases as set forth on **Schedule 2**, Cowen is unable to state with certainty that every client relationship or other connection has been disclosed in this Declaration.  Indeed, Cowen provides financial advice and investment banking services to an array of clients in the Debtors' industry. As a result, Cowen has represented, and may in the future represent, certain Potential Parties in Interest in matters unrelated to these chapter 11 cases, either individually or as part of representation of an ad hoc or official committee of creditors or interest holders.

21.    Additionally, Cowen has a sales and trading desk that regularly trades securities and other financial instruments of a wide array of public and private companies that may include Potential Parties in Interest.  However, Cowen's investment banking division, which is the business segment that the Equity Committee seeks to retain, is "walled off" from Cowen's sales and trading desk as well as the rest of the bank's operations.

22.    Specifically, Cowen's investment banking division is physically segregated from all other Cowen entities.  Investment banking employees cannot access any files of other divisions of Cowen and *vice versa*.  And, all communications between the investment banking division and other divisions of Cowen are supervised by the "control room" to ensure ethical compliance.

23.    Accordingly, the investment banking division does not have "real time" access to current positions held by the sales and trading division or any other division of the bank.

10

24.     Cowen employees are invited periodically to participate in investment opportunities in or alongside of clients.  However, none of the investment banking employees participating in this assignment have any investments related to the current assignment.

25.     Finally, to the extent that Cowen discovers any new relevant facts or relationships bearing on the matters described herein during the period of Cowen's retention and/or upon provision of any additional parties-in-interest list to Cowen, Cowen shall use reasonable efforts to promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).  In the interest of full disclose, Cowen also will supplement its disclosures to the extent public filings, which are made periodically by Cowen entities other than the investment banking division, indicate a connection with any Potential Parties in Interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: /s/ *Lorie R. Beers*
Lorie R. Beers
Managing Director and Group Head of the Special
Situations and Restructuring Group
Cowen and Company, LLC

11

## Schedule 1

**Potential Parties in Interest List**

**Debtor Entities**
Garrett Motion Inc.
BRH LLC
Calvari Limited
Friction Materials LLC
Garrett ASASCO Inc.
Garrett Borrowing LLC
Garrett Holding Company Sarl
Garrett LX I S.a r.l.
Garrett LX II S.a r.l.
Garrett LX III S.a r.l.
Garrett Motion Australia Pty Limited
Garrett Motion Automotive Research
Mexico S. de R.L. de C.V
Garrett Motion Holdings II Inc.
Garrett Motion Holdings Inc.
Garrett Motion International Services S.R.L.
Garrett Motion Ireland A Limited
Garrett Motion Ireland B Limited
Garrett Motion Ireland C Limited
Garrett Motion Ireland Limited
Garrett Motion Italia S.R.L.
Garrett Motion Japan Inc.
Garrett Motion LLC
Garrett Motion Mexico, Sociedad Anónima
de Capital Variable
Garrett Motion Romania S.R.L.
Garrett Motion Sarl
Garrett Motion Slovakia s.r.o.
Garrett Motion Switzerland Holdings Sarl
Garrett Motion UK A Limited
Garrett Motion UK B Limited
Garrett Motion UK C Limited
Garrett Motion UK D Limited
Garrett Motion UK Limited
Garrett Transportation I Inc.
Garrett Transportation Systems Ltd
Garrett Transportation Systems UK II Ltd
Garrett TS Ltd
Garrett Turbo Ltd

**Non-debtor Related Entities**
COMDEV Investments Limited
FMP Automotive (Malaysia) SDN BHD
FMP Distribution Ltd.
FMP Group (Australia) Pty Ltd

FMP Group (Thailand) Limited
FMP Group Pty Limited
Garrett Finances SNC
Garrett Motion (Thailand) Co., Ltd.
Garrett Motion Bermuda Ltd.
Garrett Motion Czech Republic s.r.o.
Garrett Motion Engineering Solutions
Private Limited
Garrett Motion France A S.A.S.
Garrett Motion France B S.A.S.
Garrett Motion France CS.A.
Garrett Motion France S.A.S.
Garrett Motion Germany GmbH
Garrett Motion Industria Automotiva Brasil
Ltda
Garrett Motion International Services
Morocco
Garrett Motion International Services S.R.L.
Tiirkiye Irtibat Biirosu [Turkey]
Garrett Motion International Services SRL
(Incorporated in Romania) [South Africa]
Garrett Motion Korea Ltd.
Garrett Motion Portugal, Unipessoal, Lda
[Portugal]
Garrett Motion Technologies (India) Private
Limited
Garrett Transportation Systems Ltd.
[Thailand]
Honeywell Automotive Parts Services
(Shanghai) Co., Ltd.
Honeywell Bermuda II, Ltd.
Honeywell Korea Ltd Indonesia
Representative Office
Honeywell Transportation Investment
(China) Co., Ltd. (New China TS Co)
Honeywell Turbo Technologies (Wuhan)
Co., Ltd.
OOO Garrett Transportation Systems
Turbodina S.A.I.y.C.

**Administrative Agents and Indenture
Trustees**
Deutsche Trustee Company Limited - Debt
and Agency Services
Deutsche Trustee Company Limited - Lux
Registrar

J.P. Morgan Europe Limited
JPMorgan Chase Bank, N.A., Loan and
Agency Services Group

**Bidder**
KPS Capital Partners
Oaktree Capital
Centerbridge

**Cash Management Banks**
ANZ Corporate Banking
Bank of America Merrill Lynch, Global
Corporate & Investment Banking
Banque Cantonale Vaudoise
BARCLAYS
BBVA
BLKB
BNP Paribas
Citibank
Citibank International Plc
CITIBANK INTERNATIONAL PLC
CITIBANK MASTER CARD
Citibank NA
Citibank NA Bratislava
Citigroup I Corporate and Investment
Banking
Deutsche Bank
Goldman Sachs & Co. LLC
J.P. Morgan - Global Corporate Bank,
Switzerland
JPMorgan Chase Bank - Luxembourg
JPMorgan Chase Bank - New York
Mitsubishi UFJ Trust and Banking
MUFG
Sumitomo Mitsui Banking Corporation,
Duesseldorf Branch
Sumitomo Mitsui Trust Club Co., Ltd
UBS Switzerland AG
UniCredit Bank AG
UniCredit Bank AG Luxembourg Branch
Unicredit Lease Management
UNICREDIT LEASING FLEET
MANAGEMENT

**Contract Counterparties**

Al Manar for Manufacturing Car Fluids and
Spare Parts
Allied-Signal Inc.
ASIST OTOMOTIV SAN TIC.LTD.STI.
Asysum S.A.
Balance Technology Inc.
Bayerische Motoren Werke
Aktiengeselleschaft
Bendix (Thailand) Limited
Bendix Commercial Vehicle Systems
Limited
Bendix Corporation
Bendix Mintex Pty. Ltd.
British Belting & Asbestos Limited.
CANGO Hard and Soft S.R.L.,
Castec Korea Co., Ltd.
Cimos d.d.
Delphi Automotive Systems LLC
Dongying Baofeng Auto Parts Co., Ltd.
Fiat Powertrain Technologies S.p.a.
FMP Australia
FMP AUTOMOTIVE MALAYSIA SDN. B
FMP GROUP (THAILAND) LIMITED
Fomar Poland Sp. Z o.o.
Ford Forschungszentrum Aachen GmbH
Ford Motor Company
German TiAl Turbine & Turbocharger
Technology GmbH
GRI ENGINEERING & DEVELOPMENT
LLC (aka MAT Holdings Inc.)
GUANGZHOU BD CO., LTD
Hofstetter PCB AG
Honda R&D Co., Ltd.
Honeywell Intellectual Properties Inc.
Honeywell International Inc.
Kehua Holdings Co., Ltd
Knorr-Bremse AG
Knorr-Systeme fur Nutzfahrzeuge GmbH
Lucky Oil S.R.L
Mei Ta Industrial Co., Ltd
Microsoft Corporation
Ministry of the Economy of the Slovak
Republic
Oerlikon Metco
OPTIMAL AG & CO. KG
Optimal KG

2

Pacific BBA Automotive Ltd.
Pacific BBA Limited
Palmers Green Pty. Ltd.
Recambiline S.L.
Roulonds Braking ApS
Shanghai Sinotec Co., Ltd.
Shenzhen BDS Automotive Technology
Co., Ltd.
Sodirep
Sonceboz Automotive SA
Sony Computer Entertainment Inc.
TMD
Toyota Motor Corporation
Tye Soon Limited
Vaud Canton Central Tax Authority
Walter AG
Wescast Hungary Zrt.
Wescast Industries Co, Ltd.
Wuxi Best Precision Machinery Co. Ltd.
Wuxi Lihu Corporation Limited
Wuxi Yelong Precision Machinery Co., Ltd.

**Credit Agreement Parties**
BANCO BILBAO VIZCAYA
ARGENTARIA, S.A., NEW YORK
BRANCH
Bank of America Merrill Lynch
International Limited
Barclays Bank PLC
BNP PARIBAS
CitiGroup Global Markets Limited
Deutsche Bank AG, London Branch
Goldman Sachs Bank USA
MUFG BANK, LTD
UNICREDIT BANK AG

**Equity Committee**
Gem Partners LP
S. Muoio & Company LLC
Mountaineer Master Fund, Ltd. c/o
Mountaineer Partners Management, LLC

**Major Customers**
Bayerische Motoren Werke AG
Caterpillar Inc.
Daimler AG

Deere & Company
Fiat Chrysler Automobiles N.V.
Ford Motor Company
FPT Industrial
General Motors
Groupe PSA
Hino Motors Ltd.
Hyundai Kia
Jiangling Motors Corporation Limited
Mazda Motor Corporation
Nissan Motor Co, Ltd
Perkins Engines Company Limited
Proto Motors
Renault S.A.
SAIC General Motors Corporation Limited
Subaru Corporation
Volkswagen Group

**Directors and Officers**
Aileen Kathryn McDowall
Alberto Abraham Chavez Dipp
Alberto Chavez
Aldea Mihaela
Alessandro Gili
Alexander Greene
Anthony Lodato
Armando Tacconelli
Brendan P O'Connor
Carlos Cardoso
Carlos De los Santos Anaya
Carsten J. Reinhardt
Chris James
Constanta Nazarcu
Courtney Enghauser
Craig Balis
Cristian Manu
Cyril Grandjean
Dai, Hong
Damien Schuind
Daniel Deiro
Dipp, Alberto Abraham Chavez
Enrique Vazquez Gorostiza
Eric Fraysse
Fabrice Spenninck
Fernando Marafon
Hong Dai

3

Jerome P. Maironi
Jerome Stoll
John Christopher James
John Jones
Koenraad Van Himbeeck
Lydia Castro Roa
Marian Vazur
Martin Schiesser
Masayuki Ienaga
Maura J. Clark
Neil Goldman
Olivier Rabiller
Paola Casciola
Patrick MacNamara
Paul Carlsson
Peter Bracke
Piero Gennari
Pierre Ernest Barthelet
Rebecca Conway
Richard Hogan
Russell James
Samuel Cochon
Scott Tozier
Sean Deason
Sean Reagan
Susan L. Main
Thierry Mabru

**Non-D&O Employees in US**
Aileen McDowall
Chris Hales
Christophe Carli
Christophe Mathy
Christopher Burdeu
Claire Fauquette
Cody Taylor
Dominique Bartlomiejczyk
Fabio Ferrante
Jean-Phillippe Bedu
Jean Phillippe Schmitt
Kerry Eby
Mark Rodrigues
Panos Sotiropoulos
Paul Blalock
Paul de Montfalcon
Regis Michel

Rob Cadle
Robert Vitasek
Volkan Deveci

**Major Equity Holders**
BlackRock Fund Advisors
Deccan Value Investors LP
Sessa Capital IM LP

**Factoring Lenders**
B.N.P. Paribas Factor S.A.
Banco Santander, S.A., Frankfurt Branch

**Lenders**
40/86 ADVISORS INC - AS AGT
ALLIANCEBERNSTEIN LP (AS AGT)
AMER MONEY MGMT CORP
ANGELO, GORDON & CO.L.P.
AOZORA BANK, LTD.
APEX CREDIT PARTNERS LLC
ARES MANAGEMEN+C11T LLC (AS
AGT)
BARCLAYS BK PLC
BARING (U.K.) LIMITED
BARINGS (UK)- JOCASSEE PTNRS
BARINGS LLC (AS AGENT)
BCO BILBAO VIZCAYA ARGENTARIA,
BDCM FUND ADVISER LLC
BLUEMOUNTAIN CAP MANAGEMENT,
L
BNP PARIBAS (SUISSE) SA
BNP PARIBAS SA
BRIGADE CAP MGT, LP
CAIRN CAPITAL GROUP LTD (AGT)
CARLSON CAPITAL, L.P.
CARLYLE INV MGMT L.L.C.
CITIBANK N.A - LOND BRANCH
CITIZENS BANK, NATL ASSOC
CQS MGT LTD
CR SUISSE ASSET MGMT LLC (AS A
CVC CR PARTS LLC
DCM SENIOR CREDIT, LLC
DEUTSCHE BK AG
DFG INVESTMENT ADVISERS INC
EAST-WEST UTD BK SA

4

EATON VANCE MANAGEMENT (AS AGT
ELMWOOD ASSET MANAGEMENT LLC
FAIR OAKS LOAN FUNDING I D A C
GOLDENTREE ASSET MGMT LP
GOLDENTREE LOAN MNGT EUR CLO 3
GOLDMAN SACHS ASSET MGMT LP (A
GOLDMAN SACHS BANK USA
GSO CAP PART LP
HALSEYPOINT ASSET MANAGMNT LLC
HAYFIN CAPITAL MANAGEMENT LLC
HPS INVESTMENT PARTNERS
ICICI BANK LTD
INTERMEDIATE CAP GR PLC (AGY)
INTERMEDIATE CAPITAL GROUP PLC
INVESCO ADVISERS, INC (AS AGEN
INVESCO EURO CLO III DAC
INVESTCORP CREDIT MGMT US LLC
JPMORGAN BK BRANCH - 0802
JPMORGAN CHASE BANK, NATL ASSO
M & G INV MGMT LTD (AGT)
MARBLE POINT CREDIT MGMT LLC
MEDALIST PARTNERS CORPORATE
MERRILL LYNCH & CO., INC.
MJX ASSET MGMT LLC
MUFG BANK, LTD.
MUZINICH & CO INC(AS AGT)
NASSAU CORPORATE CREDIT LLC
NIBC BK NV - LONDON
NORTH WESTERLY VI
NOVA KREDITNA BK MARIBOR DD
OCTAGON CR INVESTORS, LLC
PAR-FOUR INV MGT, LLC
PARTNERS GROUP (USA) INC.
PENTA CLO 6 DSGNTD ACTY CO .
PGIM INC
PINEBRIDGE INV LLC(AS AGT)
PPM AMER INC (AS AGENT)
PRETIUM CAP MGMT LLC
RAIFFEISEN BANK INTERNATIONAL
RAYMOND JAMES BANK N.A.
SILVERMINE CAP MGMT LLC
SOC GEN

STATE BANK OF INDIA
STATE BK OF INDIA-LONDON
STEELE CREEK
SUMITOMO MITSUI
TELOS ASSET MGT LLC
TIKEHAU CLO V B.V.
TIKEHAU INV MGMT S.A.S.
TPG OPPORTUNITIES PARTNERS, LP
UNICREDIT BK AG
VOYA INV MGMT CO LLC
WELLFLEET CR PARTS LLC
WHITEHORSE CAPITAL PARTNERS LP
YORK CAP MGT ADVISORS LLC

**Hedging Parties**
BANCO BILBAO VIZCAYA ARGENTARIA, S.A.
Barclays Bank plc
BNP Paribas, New York Branch
CITIBANK
CITIBANK N.A.
DEUTSCHE BANK AG
GOLDMAN SACHS INTERNATIONAL
J.P. MORGAN SECURITIES PLC
Merrill Lynch International
Société Générale
UNICREDIT BANK AG

**Indemnification agreements**
Honeywell ASASCO 2 Inc.
Honeywell International Inc.

**Insurers**
AIG Europe Limited
Allianz Global Corporate & Specialty SE
Allianz Insurance plc
Allied World Assurance Company AG
Aspen Syndicate 4711
Aviva Group
Beazley Syndicate 2623 / 623
Chubb European Group Limited
Chubb Seguros México, S.A.
Chubb Underwriting Agencies Ltd (Syndicate 2488)
Etablissement Cantonal d'Assurance (ECA)
First Liberty Insurance Corp

5

Great Lakes Insurance SE (Munich Re)
Hiscox (Syndicate 0033 HIS)
HSB Engineering Insurance Limited
Liberty Insurance Corp
MARSH & MCLENNAN INSURANCE
AGENCY LUS
Marsh Ltd
MARSH LTD UK GB
Navigators Insurance Co
Pool Re
QBE European Operations plc.
Starr Indemnity & Liability Company
The First Liberty Insurance
W. R. Berkley Corporation
XL Insurance Company SE
Zurich Engineering
Zurich Versicherungs-Gesellschaft AG

**Lease Counterparties**
Casa Twin Tower Business Centre
EQUEST LOGISTIC S.R.L.
FMP Group (Australia) Pty Ltd
FZB Plymouth, LLC
Ganimede S.r.l
Hasma Pty Limited
HGR Management, LLC
Hiteco S.r.l.
Honeywell (China) Co., Ltd.
Honeywell Aftermarket Europe S.r.l.
Honeywell Control Systems Limited
Honeywell Garrett Italia Srl
Honeywell GmbH
HONEYWELL INGENIERIA Y
TECNOLOGIA AEROSPACIAL DE
MEXICO S. DE R.L.
DE C.V.
HONEYWELL INTERNATIONAL INC.
Honeywell International S.A.r.l.
Honeywell Japan Ltd.
Honeywell Limited
Honeywell Technologies Sarl
Honeywell UK Limited
Industrious ATL 1447 Peachtree LLC
INMUEBLES EL VIGIA, S.A. DE C.V.
La Ganimede S.r.l.
NETRON INVESTMENT SRL

Novar ED&S Limited
Regus Management Group LLC
SECOND ROC-JERSEY ASSOCIATES
L.L.C.
Sparkasse Gifhorn-Wolfsburg
Svizzera 185 S.r.l
Wong y Asociados Inmobiliaria, S. de
R.L.de C.V.
Xtraspace Flexi Office (pty) Ltd.

**Litigation parties**
Administracion Desconcentrada de
Auditoria de Comercio Exterior del Pacifico
Norte, con Sede
en Baja California, de la Administracion
General de Auditoria de Comercio Exterior
del Servicio
de Administracion Tributaria,
BES SAUVAIGO & ASSOCIES
DARIUS ADAMCZYK
Elise Deillon-Antenen, avocate
Hayat Aarab
Honeywell ASASCO 2 Inc.
HONEYWELL ASASCO 2 LLC
HONEYWELL ASASCO LLC
Honeywell do Brasil Ltda.
HONEYWELL HOLDINGS
INTERNATIONAL INC.
Honeywell International Inc.
Maitre Anne-Marie Aufrere
Mexicali Customs House
Precision Components Industries
SELARL MJ ALPES
SU PING LU

**Noteholders**
ABN AMRO Investment Solutions S.A.
Aegon USA Investment Management, LLC
AllianceBernstein, L.P. (U.S.)
AllianceBernstein, LTD (U.K.)
Amundi Pioneer Asset Management, Inc.
Anima SGR S.p.A.
AXA Investment Managers (U.K.), LTD
Baillie Gifford & Company
Banco de Sabadell S.A. (Asset
Management)

6

BankInvest Asset Management
Barings (U.K.), LTD
Barings, LLC
BlackRock Investment Management (U.K.), LTD
BNP Paribas Fortis S.A./N.V. (Private Banking)
Chenavari Credit Partners, LLP
DBX Advisors, LLC
Deka Investment GmbH
DWS Investment GmbH
Eaton Vance
Edmond de Rothschild Asset Management (UK) LTD
Erste Asset Management GmbH
Fidelity International Limited - FIL Investment Services (U.K.), LTD
Financiere Meeschaert
Formuepleje A/S
Generali Insurance Asset Management SGR S.p.A.
GoldenTree Asset Management, L.P. (U.S.)
Groupama Asset Management S.A.
Helaba Invest Kapitalanlagegesellschaft mbH
Intermediate Capital Group plc
Intermediate Capital Group, Inc.
Invesco Asset Management S.A.
Janus Henderson Investors (U.K.)
JAR Capital Wealth Management, LLP
Kames Capital PLC
Lord, Abbett & Co., LLC (Asset Management)
M&G Investment Management Ltd
Manulife Asset Management (Europe), LTD
MEAG Munich Ergo Asset Management GmbH
Mediolanum Asset Management, LTD
Muzinich & Co., LTD (London)
NatWest Markets, PLC
NN Investment Partners (Belgium)
Nomura Asset Management U.S.A., Inc.
Nykredit Asset Management A/S
ODDO BHF Asset Management SAS
OFI Asset Management
PineBridge Investments Europe, LTD

PPM America
Pramerica SGR S.p.A.
Robeco Institutional Asset Management BV
Russell Investment Management, LLC
Schroder Investment Management North America, Inc.
St Paul's CLO IX Designated Activity Company
State Street Global Advisors Ireland, LTD
Swedbank Robur Fonder AB
Syd Fund Management A/S
Teachers Retirement System of Louisiana
Tikehau Investment Management
UBS Fund Management (Luxembourg) S.A. (Funds)
UBS Switzerland AG
Voya Investment Management, LLC

**Other Unsecured Creditors**
Agenzia Regionale per la Tutela dell'Ambiente (ARTA), Distretto provinciale di Chieti
Regione Abruzzo Dipartimento Opere Pubbliche, Governo del Territorio e Politiche Ambientali
Servizio Tecnico Ambiente, Provincia di Chieti
Tennessee Department of Environment and Conservation
Garrett Motion, Ireland Defined Benefit Plan

**Professionals**
A and L Goodbody
ABRAMS & BAYLISS LLP
AlixPartners LLP
ANDERSEN TAX, LLC
Arendt & Medernach SA
Arendt Services SA
Arnold & Porter Kaye Scholer LLP
BAKER & MCKENZIE - CIS, LIMITED
Baker & McKenzie Abogados, S.C.
BAKER AND MCKENZIE ZURICH
Barzano & Zanardo Roma S.p.A
Beijing Chang Tsi & Partners

7

BHOOPALAM
CHANDRASHEKHARAIAH PRABHA
Bird & Bird AARPI
Bird and Bird LLP
Bird&Bird Advokat KB
BMG AVOCATS
Boult Wade Tennant LLP
Broadridge Investor Communications
Brown Rudnick LLP
Brunner et Associes SA
CARMODY AND TORRANCE
CMS CAMERON MCKENNA SCA
CMS HASCHE SIGLE
CMS von Erlach Poncet SA
Conway MacKenzie, LLC
ConwayMCColl Solicitors Limited
CORNERSTONE RESEARCH INC.
CSC THE UNITED STATES
CORPORATION
Daniel J. Edelman, Inc.
DAVIS POLK & WARDWELL LONDON
LLP GB
DELOITTE & TOUCHE LLP
DELOITTE & TOUCHE S.P.A.
DELOITTE & TOUCHE SA SUISSE
Deloitte Audit S.R.L.
Deloitte Audit s.r.o.
Deloitte Audit, s. r. o.
Deloitte Consulting AG
Deloitte Haskins and Sells LLP
Deloitte LLP
Deloitte SA
DELOITTE TOUCHE
DENTONS SOUTH AFRICA
Donald Hill Patent Law
Drinker Biddle & Reath
Ernst & Young AG
Ernst & Young Law s. r. o.
Ernst & Young LLP
ERNST & YOUNG SRL
Ernst & Young, s.r.o.
ERNST + YOUNG
ERNST and YOUNG LLP
Ernst&Young Law GmbH
ERNST&YOUNG TERCO SERVIcOS
Freshfields Bruckhaus Deringer

FTI CONSULTING INC US
GALAZ,YAMAZAKI, RUIZ, URQUIZA,
S.C.
Gevers & Ores
GLOBAL LAW OFFICE
Greenberg Traurig PA
Gun Partners
Hadiputranto, Hadinoto & Partners
Haynes and Boone, LLP
HOGAN LOVELLS INTERNATIONAL
LLP
Hogan Lovells LPP International LLP
Hogan Lovells Paris LLP
HOGAN LOVELLS US LLP
IPREO LLC
JUNHE LLP
Kim and Chang
KPMG LLP
Kurtzman Carson Consultants (KCC)
Lakshmikumaran & Sridharan
LATHAM & WATKINS LLP
Leason Ellis LLP
LENZ ET STAEHELIN
LEWIS SILKIN LLP
Lewis Silkin Services Limited
Lorenz and Kopf LLP
M&M O'SHEA
MACKENZIE PARTNERS, INC
Morgan Stanley Smith Barney LLC
Pangrle Patent Brand and Design Law
Perella Weinberg Partners LP
PHILLIPS ADR ENTERPRISES PC
Price Water House & Co Bangalore LL
PRICEWATERHOUSE COOPERS S.C.
PricewaterhouseCoopers AG
PRICEWATERHOUSECOOPERS
CONTADORES
PricewaterhouseCoopers LLP
PRICEWATERHOUSECOOPERS
PRIVATE
PricewaterhouseCoopers Private Limi
Pricewaterhousecoopers services LLP
PricewaterhouseCoopers Slovensko sr
PricewaterhouseCoopers Tax k s
PRICEWATERHOUSECOOPES LLP GB
PWC UK

8

QUINN EMANUEL URQUHART &
SULLIVAN, US
Quinn Emmanuel Trial Lawyers
Radu si Asociatii SPRL
Ray Clarke (Garrett Motion, Ireland Defined
Benefit Plan Trustee)
Remfry & Sagar
ROXIN RECHTSANWAELTE LLP
Schofield Sweeney LLP
Schulte Roth & Zabel LLP
SCP FLICHY GRANGE AVOCATS
Seager Tufte and Wickhem LLP
Sheppard Mullin Richter Hampton LLP
Signature Litigation AARPI
SIMMONS AND SIMMONS LLP
Simpson Thacher Bartlett
Sullivan & Cromwell LLP
The Law Office of John A Griecci
THOMPSON HINE LLP
TLG - THE LEGAL GROUP
ADVOCATES
TOWERS WATSON CONSULTORES SA
DE CV
White & Case LLP
WILLIS TOWERS WATSON
CONSULTING BVB
Willis Towers Watson US LLC
WP Thompson Limited
Yuasa and Hara

**JV Partners and Other Related Parties**
CANGO
FMP Australia
FMP AUTOMOTIVE MALAYSIA SDN. B
FMP GROUP (THAILAND) LIMITED
Honeywell International Inc.
Honeywell Transportation Investment
(China) Co.,Ltd.

**SDNY Bankruptcy Judges**
Chief Judge Cecelia G. Morris
Judge James L. Garrity Jr.
Judge Martin Glenn
Judge Michael E. Wiles
Judge Robert D. Drain
Judge Robert E. Grossman

Judge Sean H. Lane
Judge Shelley C. Chapman
Judge Stuart M. Bernstein

**Tax Authorities and Regulators**
Administration des contributions directes -
Grand Duche de Luxembourg
Agencia Aduanal Esquer Luken, SC
ANAF-DGRFMB-Administratia Fiscala
pentru Contribuabili Mijlocii
ANAF-Directia Generala de Administrara a
Marilor Contribuabili (DGAMC)
Australia Border Force
Australian Taxation Office
Ayuntamiento de Mexicali
Birou Vamal Otopeni
Biroul Vamal Constanta
Biroul Vamal Otopeni Calatori
California Department of Tax & Fee
Administration
Chambre de commerce (Luxembourg)
Cheshire East Council
COMISION ESTATAL DE SERVICIOS
PUBLICOS DE MEXICALI
Companies House
Customs and Tariff Bureau
DC Office of Tax and Revenue
Delaware Division of Corporations
Direzione Provinciale di Chieti
ENVIRONMENTAL PROTECTION
AGENCY
Etat de vaud or Canton de vaud (Office
d'impot des Personnes Morales) - State of
vaud or
Canton of vaud (Tax Office for Legal
Entities)
Financial Accounting Standards Board
Financni Urad Pro Hlavni
Finanzamt Konstanz
Franchise Tax Board California
General Directorate of Local Taxes and Fees
Sector 6
Georgia Department of Revenue
GOBIERNO DEL ESTADO DE BAJA
CALIFORNIA
Groundwater & Environmental Services, Inc

HM Revenue & Customs
Honjo-city Tax Collection Division
Indiana Department of Revenue
Inenco
Iowa Department of Revenue
IPAN Intellectual Property Associat
IRS (INTERNAL REVENUE SERVICE)
Japan National Tax Agency
Ministry of the Economy of the Slovak
Republic
Municipality of Atessa
Municipality of Torino
New York Department of Revenue
Obec Zaborske
Office of the Revenue Commissioners
Public Company Accounting Oversight
Board
PUBLIC COMPANY ACCOUNTING
OVERSIGHTBOARD US
Regione Abruzzo Servizio Tesoreria
RL Jones Custombroker
Saitama prefecture
Servicio de Administracion Tributaria
Slovak Fiscal Administration
Slovak Tax Authority
State of Connecticut Department of Revenue
Service
Tennessee Department of Revenue
Tokyo Metropolitan Government
UK Finance Administration
Urad prace, socialnych veci a rodiny
US Customs & Border Protection
Vaud Canton Central Tax Authority
Waterford City Council
Wood Environment & Infrastructure
Solutions Inc

**UCC Lien Holders**
ECONOCOM CORPORATION
JPMORGAN CHASE BANK, N.A.

**Unions and Works Councils**
Australian Manufacturing Workers Union
Connect trade union (formerly TEEU)
Electrical Trades Union
Nueva Cultura Laboral

Sindicatul Allied Signal

**US Trustee Employees**
Alicia Leonhard
Christine Black
Guy A. Van Baalen
Joseph Allen
Joseph Nadkarni
Kathleen Schmitt
Linda Riffkin
Lisa Penpraze
Paul K. Schwartzberg
William K. Harrington

**Utilities**
Added Computer & Telephony Com e Se
AGUA Y HIELO ESTRELLAZUL DE
MEXICAL
Airtel A/C No. 112-100960996
Airtel A/c No: 112-100959962
AN APELE ROMANE
APA NOVA
APA NOVA BUCURESTI SA
ARUBA SPA
ARUBA SPA E2E
AT & T Communication Services India
AT and T Mobility LLC
AYUNTAMIENTO DE MEXICALI
BEIJING WANG AN JIE TONG
TECHNOLOGY
BETTA TELECOMUNICACÕES E
ELETRONICA
BHARTI AIRTEL LIMITED
Bharti Airtel Services Ltd
BORD GAIS
C.C.D. ENERGIES
CAM. NAL. DE LA IND. ELECTR. DE
TELECOM Y TECNO DE LA INFO
CAMARA DE COMERCIALIZACAO DE
CASCARDI SANEAMENTO BASICO
LTDA
CFE SUMINISTRADOR DE SERVICIOS
Chaturshringi Service Station
CHEMTECH WASTE MANAGEMENT
LTD
Cheongdo

10

China Unicom Wuhan Paging Enterprise Office

China United Network Communications Co., Ltd.

CIA ULTRAGAZ S.A

CIa Ultragaz S/A

Com And Lan Digital Tech Co., Ltd.

Comision Federal de Electricidad

Comune di Atessa

CONDOMINIO EDIFICIO PAULISTA

Corporativo Reaal S de RL de CV

DESARROLLO DE TECNOLOGIAS INTEGRALE

DIBPEL GERENCIAMENTO DE RESIDUOS

Duksung

DYNAMIC COMMUNICATIONS MEXICO

E.D.F. - G.D.F.

E.ON Energie Romania S.A.

EC Bank Co., Ltd.

ECOGAS MEXICO, S. DE R.L. DE C.V.

EDISON ENERGIA SpA

EDP SAO PAULO DISTRIBUICAO DE Energia

ENERGIA AZTECA X SA DE CV

EOLO SpA

Fanal Comercio Derivados Petroleo

Fans Trans (China) International Freight Agent Co., Ltd.

FASTWEB SPA

FASTWEB SPA / MILANO

GOEPIK SISTEMAS INDUSTRIAIS SA

GSA GERENCIAMENTO DE RESIDUOS EIREL

GTS TELECOM SRL

H. BLOCH a.s.

Hidrocarburos del Noroeste SA de CV

HONJOSHI SUIDOKA

Horizon Safety Systems

Horizon Services

HORIZON TECH LTDA

Hyundai AutoEver Corp.

IDEA CELLULAR LTD 8.10604733

Idea Cellular Ltd A/c No 8.10398708

IEnova Marketing S. de R.L. de C.V.

Insight Technology Solutions GmbH

IRCAT CO SRL

Irish Water

JAIME DONACIANO JIMENEZ CRUZ

Jiashang Petroleum (Zhoushan) Co.,

Korean Oil

KOSIT A S

Kt Estate Co., Ltd.

LUBSTAR A.S.

Maharashtra State Electricity Distr

MARIA ROSA ALICIA MARAVEL VALENZUEL

MAWATI COLETA DE RESIDUOS INDUSTRIA

MEDAM S DE RL DE CV

MICHELLE GARCIA LICONA

MOL Ceska, republika, s.r.o.

NAMYANG CO.,LTD.

Nantong Lean Electronics Co., Ltd

NCH BRASIL LTDA.

Nepal Dist. de Agua Mineral LTDA.

Nevicom SA

ONYX EST

OPERADORA DE BOLICHE MEXICALI

Operadora de Boliche Mexicali SA de CV

ORANGE BUSINESS SERVICES

ORANGE ROMANIA SA

Orange Slovensko a s

PACIFIC TREATMENT ENVIRONMENTAL

PCS Telecom Co., Ltd

PRAZSKA ENERGETIKA, A.S.

Presov REAL s.r.o

PROAGUAS TRANSANTISTA LTDA-ME

PROLAB AMBIENTAL ANALISE

PROMOBEIS DE MEXICALI, A.C.

RADIOMOVIL DIPSA SA DE CV

Radiomovil Dipsa SA de CV Payment

RAI Abbonamenti Speciali Torino

RELIANCE -IO INFOCOMM LIMITED

Renault SAS

RENOVA TRATAMENTO DE RESIDUOS LTDA

Restore Shred

Ryder Communications Group Inc.

11

RYDER COMMUNICATIONS GROUP INC US
SABESP - COMP.SAN.BAS.S.P
SAMSUNG SDS
SAS SEGEC DIRECT
Schneider Electric ESS BVBA
SERVICO AUTONOMO DE AGUA E ESGOTO
Shang Hai Lai Shi You Pin You Xian
shanghai move-communicate Co.Ltd.
shanghai telecom account center
SHANGHAI WINSH COMPUTER TECHNOLOGY
Shanghai Ziyan information technolo
Shanghai Ziyu Network Technology Co
SINGTEL EUROPE LTD
Singtel Global (India) Pvt Ltd
SingTel Global India Private Limite
Singtel Global India Pvt Ltd
SK Broadband Co., Ltd.
SK PROTECTIVE PRODUCTS
SK Technik

SK 텔레콤

SUEZ Australia Pty Ltd
Swisscom (Schweiz) AG
TELECOM ITALIA SPA
TELSTRA
TEMPO ENERGIA S.A.
Tinmar Energy SA
TINMAR GAS S.A.
T-mobile Czech Republic, a.s.
TOTAL ENERGIE GAZ
TOTAL FRANCE
T-SYSTEMS DO BRASIL LTDA
UB1st Co., Ltd.
UNITED GRINDING NORTH AMERICA INC
VEOLIA EAU
Veolia Environmental Services Techn
VEOLIA ES CLEANAWAY UK LTD
Veolia Water Technologies
VERIZON
Verizon communications India Privat
Verizon Communications Slovakia s.r
VERIZON FINANCIAL SERVICES LLC US

Verizon Italia S.p.A.
Verizon Nederland BV
Verizon Switzerland AG
VERIZON WIRELESS
VERIZON WIRELESS US
VODAFONE
Vodafone GmbH
Vodafone Idea Limited
Vodafone Italia S.p.A.
Vodafone Ltd
Vychodoslovenska energetika a.s
Waterlogic Australia PTY LTD
Wuhan Hubei Electric Power Company
Wuhan Stone Smart Time Technology
Wuhan Water Group Company Litmited.

**Major Vendors**
ACEROS MOLDEADOS DE LACUNZA SA
ACTECH GMBH
ADP
Aikoku Alpha Corp
ALUMALSA
Amazon
ANSYS
AOKI SEIKI INDUSTRIES
ARANDA TOOLING INC.
ATMECA
AutoCont
AVENUE MOULDMAKING LTD
AVL
AXA Life
BIBUS
BOCAR S.A. DE C.V.
Booster Precision Components
BQ MACHINING SA DE CV
Brakes India
BUDGET SRL
Caisse AVS de la Federation patronale vandoise
Caparo Engineering India Pvt Ltd
CASTEC
CASTWELL PRODUCTS LLC
CBRE
CCN
CEMB

12

Central CMS Corporation
CEVA
Cimos
CITI
Cogeme
COMPA SA
COMPACT SERVICE ABC SRL
COMPAX INC
CROSS MANUFACTURING CO
CRRC
Daido
Dalian Nakamura
Dandong Heben Prec Mach Co Ltd
DANYANG CHENGYE LIGHT
DATATECHNIC
DBI PLASTICS
DHL
DISCOM INTERNATIONAL INC
Doncasters
DUCI
Easy Flyers S.R.O.
ECONOCOM
EGSTON
ELE Advanced Technology
ElringKlinger
ENKEI ALUMINIUM PRODUCTS
EQUEST LOGISTIC SRL
ETAS
EVEREST ROPACK
Expeditors International
Faist
Feilong Auto Components Co., Ltd
FERRIERE DI STABIO S.A
Finecast Foundry Limited
FIRTH RIXSON PLC
Flex Automotive
Fontana
Formel D
FPRS DEPOSITORY ACCOUNT PLAN
88374 US (FIDELITY)
FS PRECISION TECH LLC
FSA Sisteme de Asamblare SRL
Fujitsu
Fujiwa Machinery
GITS
GUTIERREZ TRUCKING, LLC.

Helical
Hella
Hickey Fabrication Services Ltd.
HIT PRECISION METALS CO LTD
Hitachi
Honeywell
Howmet Fixation Simmonds SAS
INDO MIM PRIVATE LTD
Indo Schottle
INDO-MIM PRIVATE LTD
INSTITUTO MEXICANO DEL SEGURO
SOCIAL
Inzi Controls
ISIS Development
Japan Pension Organization Port
Jiangsu sinotec co.,ltd
JIANGSU TENGCHI TECHNOLOGY CO
LTD
Jiangyin Machine Building Inc
JIANGYIN UNI-POL CO LTD
Kamtec
Kehua
KINTETSU WORLD EXPRESS, INC.
KOSEI AKAGI (KUNSHAN)
ALUMINUM CO.,
Koshida Corporation
KOVOLIS HEDVIKOV A.S
Le Belier
LEMAN Industire
LGA Automation
Lioho Metal (hubei) Co Ltd
LISK GW COMPANY INC
M2M Machining Inc
Magneti Marelli
MANPOWER
Marubeni Automotive Corporation
MECANIZACION S.A.
Mei Ta Industrial Co., Ltd
METALIS
Microsoft Corporation
MINDA CORPORATION LIMITED
MITSUBA
MITSUBISHI
NATIONAL ECONOMIC RESEARCH
ASSOC
Netron Investment SRL

13

NINGBO YINZHOU TIANGE
AUTOMOBILE
NMB Minebea GmbH
NNC SOLUTIONS SRL
NORMA
NTT
Old Mutual Operadora de Fondos
ORACLE
PERROTTON
Pierburg GMBH
Poclain Technicast
PRECIALP
PRECISION RESOURCE
Q and L Industrial Services s r o
Quality&Logistics Industrial Service
R.G. RAY CORPORATION
RAIS Slovakia, s.r.o.
RCI ROSS CASTING & INNOVATION
Remet UK Ltd.
S&H Co
Saint Jean Industries Lorraine
Saint Jean Industries Lorraine SA
Samwee Precision
SC EXCELENT AUTO SRL
Schaeffler
SECURITAS
SELMEC
Sensata
Seo-il Casting
Shanghai Liang Ji
SICTA
SIRVA GLOBAL RELOCATION INC
Sn SAMAT
Sonceboz
STOCKLOR

Streit
STWM
Supply Chain Factory GmbH
T.R. Fastenings
TAIKO UNYU
TATA CONSULTANCY SERVICES
TECHSISTEM SRL
TECNOMATIC
TF SERVICE IMPEX SRL
THE CHARTER DEPT. INC.
THE COLLECTOR - GENERAL
Thermamax
Trigo
TRUCAST
Turbocam Automated Production Syste
Umfotec Umformtechnik GmbH
UniCredit
UNITED HEALTH CARE
Universal Precision Screws
US BANK (FREIGHT)
VANGUARD FOUNDRY LTD
VIMI Fasteners S.p.A.
WAUKESHA BEARINGS CORP
Wescast
Wieland Metal Services LLC
Windtech Inc
WUXI BEST PRECISION MACHINERY
CO
WUXI LIHU
Wuxi Xinan Aluminum Technology Co.,
WUXI YELONG PRECISION
MACHINERY CO
YUSEN LOGISTICS S.R.L.

14

## Schedule 2

### Match List

For the parties herein, Cowen represents and/or has represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases.

| Name(s) Searched | Match | Category | Match's Relationship to the Firm |
|---|---|---|---|
| INVESTCORP CREDIT MGMT US LLC | Investcorp Strategic Capital Partners | Lenders | An employee of Cowen is a strategic advisor to party-in-interest affiliate Investcorp Strategic Capital Partners and has a private investment in one of their funds. |
| Centerbridge | Centerbridge Partners | Bidder | From December 2018 to June 2019, Cowen was mandated to provide buy-side advisory services to Centerbridge Partners in conjunction with the potential acquisition of Sears Home Services in the Sears Chapter 11 proceedings. The acquisition did not occur and Cowen received no compensation in conjunction with that engagement. |
| BANCO BILBAO VIZCAYA ARGENTARIA, S.A., NEW YORK BRANCH | BANCO BILBAO VIZCAYA ARGENTARIA, S.A., NEW YORK BRANCH | Credit Agreement Parties, Lenders, Hedging Parties | Cowen holds or has held in the immediate past trading positions in this entity. |
| • VODAFONE<br>• Vodafone GmbH<br>• Vodafone Idea Limited | VODAFONE GROUP PLC | Utilities | Cowen holds or has held in the immediate |

| Name(s) Searched | Match | Category | Match's Relationship to the Firm |
|---|---|---|---|
| • Vodafone Italia S.p.A. <br> • Vodafone Ltd | | | past trading positions in this entity. |
| • EATON VANCE MANAGEMENT (AS AGT) <br> • Eaton Vance | EATON VANCE | Lenders and Noteholders | Cowen holds or has held in the immediate past trading positions in this entity |

**GENERAL DISCLOSURE: Cowen has a regular Sales and Trading business and from time to time, Cowen executes transactions with parties and receives sales and trading commissions in the regular course of that business.**