**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701

-and-

Joshua K. Porter
299 Park Avenue, 20th Floor
New York, NY  10171

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case |
| GARRETT MOTION, INC., *et al*.,[1] | No. 20-12212 (MEW) |
| Debtors. | (Joint Administration Requested) |

**UNALIGNED FUND SHAREHOLDERS' LIMITED OBJECTION AND RESERVATION
OF RIGHTS CONCERNING EQUITY COMMITTEE'S SEPARATE APPLICATIONS
TO EMPLOY MAEVA GROUP, LLC AS FINANCIAL ADVISOR AND COWEN
AND COMPANY, LLC AS INVESTMENT BANKER**

Gabelli Funds, LLC, Esopus Creek Value Series Fund LP – Series "A" and Hutch Capital

Management LLC (collectively, the "Unaligned Fund Shareholders") respectfully submit this

limited objection and reservation of rights concerning the two applications to employ professionals

by the Official Committee of Equity Securities Holders (the "Equity Committee"): (1) *Application*

*for Order Authorizing the Employment and Retention of Maeva Group, LLC as Financial Advisor*

*to the Official Committee of Equity Securities Holders Nunc Pro Tunc to November 24, 2020* (the

---

[1] The last four digits of Garrett Motion, Inc.'s tax identification number are 3189.  Due to the large number of debtor entities in these Chapter 11 Cases, for which Debtors have requested joint administration, a complete list of Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of Debtors' claims and noticing agent at http://www.kccllc.net/garrettmotion.  Debtors' corporate headquarters are located at La Pièce 16, Rolle, Switzerland.

"Maeva Application") (ECF No. 693); and (2) *Application of the Official Committee of Equity*

*Security Holders of Garrett Motion Inc. for An Order Authorizing the Employment and Retention*

*of Cowen Company, LLC Nunc Pro Tunc to December 3, 2020* (the "Cowen Application") (ECF

No. 694).

### LIMITED OBJECTION

1.      The Unaligned Fund Shareholders recognize the need for the Equity Committee to

retain skilled and experienced professionals such as Maeva Group, LLC ("Maeva") and Cowen

and Company, LLC ("Cowen").  These professionals are working diligently, and undersigned

counsel has interacted with them on several occasions in these Chapter 11 Cases.  Compensating

them for their efforts by hourly or monthly fee is entirely appropriate and should be approved.

2.      Likewise, a true "success fee" that compensates the Equity Committee's

professionals if their efforts "shall have provided material services with regard to a potential sale"

is also appropriate and should be approved.  *See, e.g., In re Pacific Drilling S.A.*, No. 17-13193-

mew, ECF No. 371 pp. 32-34.  However, neither professional should be paid what amounts to a

"transaction fee" for the benefit created by others – and the purpose of this limited objection is to

object to just such a requested fee.

3.      The competitive bid process (the "Auction") is now complete and resulted in

Debtors selecting the Final COH Group Proposal as set forth in the January 11, 2021 Plan Support

Agreement.  (ECF No. 717).  Cowen and Maeva were not involved in the development of any of

the three bids in the Auction.  Nevertheless, the Maeva and Cowen Retention Agreements contain

transaction fees in the form of a "Final Payment" of $4,000,000 and "Restructuring Fee" of a

$2,250,000, respectively.  Both transaction fees are improperly payable upon the closing of ***any***

restructuring or sale transaction – which would include the Final COH Group Proposal (or the competing KPS Proposal).

4.      Put simply, a success fee should be directly tied to the value created.  That is not the case with either of the two transaction fees as currently drafted (just as it is not the case for the $4.75 million "Restructuring Fee" contained in the Official Committee of Unsecured Creditors' ("UCC") application to employ Lazard Frères & Co. LLC (ECF No. 508), to which the Unaligned Fund Shareholders have already objected on the same grounds (the "Lazard Objection") (ECF No. 529).  Thus, those aspects of the Maeva and Cowen Applications should not be approved.

5.      To be clear, the Unaligned Fund Shareholders respect the efforts of Maeva and Cowen in working to develop a standalone transaction as described by the Equity Committee.  As a result, the Unaligned Fund Shareholders would agree to resolve this objection if the Equity Committee modified the terms of the Maeva and Cowen Applications to provide for success fees (of $4,000,000 and $2,250,000, respectively) only subject to a later finding by the Court under 11 U.S.C. § 330 that Maeva and Cowen played a material part in arranging a successful standalone transaction.[2]

6.      Respectfully, the Court should not approve of Maeva's Final Fee or Cowen's Restructuring Fee under 11 U.S.C. § 328 as currently drafted.  Rather, the Court should direct that the Retention Agreements be reformed to provide for true success fees tied to material roles in arranging a transaction as the Court reasoned in *Pacific Drilling*.

## **RESERVATION OF RIGHTS**

7.      Notwithstanding the forgoing, the Unaligned Fund Shareholders otherwise reserve all their respective rights, claims, defenses, and remedies, including, without limitation, the right

---

[2] The Unaligned Fund Shareholders would also agree to resolve their Lazard Objection on the same basis, and undersigned counsel has communicated that fact to counsel for the UCC.

to amend, modify, or supplement this objection, prior to or during hearing on the Maeva and

Cowen Applications, and to renew this objection at any later time.

Dated: January 19, 2021
                                               ENTWISTLE & CAPPUCCI LLP

/s/ *Andrew J. Entwistle*
Andrew J. Entwistle
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701
Telephone: (512) 710-5960
Email: aentwistle@entwistle-law.com

Joshua K. Porter
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7282
Email: jporter@entwistle-law.com

*Counsel for the Unaligned Fund
Shareholders*

4